R. O. HOLTON & COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102255. Promulgated April 17, 1941.

*Giles J. Patterson, Esq.*, and *Lucien H. Boggs, Esq.*, for the petitioner.

*J. Marvin Kelley, Esq.*, for the respondent.

OPINION.

ARUNDELL: There are in substance three issues before us, the first two of which may be disposed of together. Contest arises initially over the taxability of interest payments collected during the taxable years which accrued and were defaulted before petitioner's purchase of the municipal bonds on which they arose. The petitioner stands on the fact that the payments in question were identified as interest by the payor and that interest on bonds of the type here involved is exempt from Federal income taxation.

Purchase of the bonds in question included in the price paid not only the title to the securities, but the right to receive interest accrued and unpaid. As to the petitioner the whole constituted a capital acquisition and the subsequent payment of the defaulted interest was a return of a portion of his investment, regardless of the label attached by the payor.

This has been, consistently, our position in considering at other times the question here presented, when it related to nongovernment bonds. *Erskine Hewitt*, 30 B. T. A. 962; *Great Southern Life Insurance Co.*, 33 B. T. A. 512, 530; affd., 89 Fed. (2d) 54; see *Harr v. McLaughlin*, 20 Fed. Supp. 27; affd., 99 Fed. (2d) 638. The consequence is that such interest payments in those cases were held not taxable as ordinary income but only as capital gain when such was realized.

These principles have application to nontaxable as well as taxable securities. The petitioner's purchases of the right to receive defaulted interest and its collections under them constitute capital transactions, the gain on which is taxable without regard to the tax-exempt character of the securities. *Willcuts v. Bunn*, 282 U. S. 216. Under whatever name the payments were made by the municipalities to the petitioner, they were not consideration for the use of funds borrowed from the petitioner but were the return to it of invested funds. The petitioner's argument, therefore, based on the label under which the payments were made by the issuer of the securities, must give way when it becomes apparent that the petitioner has received nothing in the nature of interest but has only recouped a portion of his capital investment. This point was ruled on, adversely to petitioner's contentions, in *William H. Noll*, 43 B. T. A. 496, but without extended consideration. On the reasoning stated and on the authority of that case, the collections of interest defaulted before petitioner's purchase of the bonds here involved must be held taxable.

The case of *Landon v. Commissioner*, 59 Fed. (2d) 989, relied on by petitioner, does not hold otherwise. That case involved an ex-

change of Virginia debt certificates for bonds of West Virginia. The Circuit Court of Appeals for the Second Circuit held that such exchange resulted in taxable gain to the extent of the value of the West Virginia bonds received in excess of the cost of the certificates turned in therefor. "The balance represents what is received as interest after the purchase, and is exempt." By analogy as nearly as can be made, the accrued interest at the date of purchase formed a part of the petitioner's basis, and only the interest accruing thereafter is to be treated as interest for tax purposes.

Collections of defaulted interest on municipal bonds by the petitioner during the taxable years are, accordingly, to be treated as return of capital, to be taxed as gain when such may be recognized. On the incomplete state of the record here it is impossible to determine with entire accuracy what portion of these collections may be taxed as gain. In our findings, relying on exhibits attached to the petition and the amended answer of the respondent, we have made division of them dependent on whether the bonds on which they arose were retained by the petitioner at the end of the year of collection. On the failure of the petitioner to show the cost or other basis of bonds sold during the taxable years and thus to furnish facts from which capital gain or loss may be computed, all collections of defaulted interest on bonds which petitioner did not retain at the close of the year of collection must be taxed in their entirety as capital gain. Collections made, however, on bonds retained at the close of the year of collection must be attributed to a partial return of capital, any gain resulting thereon when disposition of the securities is made to be taxed at that time.

The second question, which petitioner seeks to relate to our disposition of the first, is the deductibility of interest paid to carry tax-exempt obligations of subdivisions of state government. It is argued that our holding collections of defaulted interest taxable removes the tax-exempt character of the bonds, thus rendering inapplicable statutory denial of the deduction of interest paid on funds borrowed to purchase tax-exempt securities. See section 23 (b) of the Revenue Act of 1936. The applicability of the statute to the instant situation is clear. The municipal obligations in question are clearly of the tax-exempt nature there contemplated. There is not included within the tax-exempt features of any such bonds immunity from every tax; capital gain on the sale of governmental securities has been held taxable, *Willcuts* v. *Bunn, supra,* without abridging the essential exemption. Here, from what has been said above, it will be plain also that we have done no more than tax such capital gain and thus in no essential way has the tax-exempt character of the securities carried

by the petitioner been violated. Accordingly, the respondent must be sustained in his denial of these interest deductions.

The final question of whether petitioner may inventory its nongovernmental securities at the market price at the close of the year 1937 must be determined on respondent's argument that as to such securities the petitioner is not a dealer and is therefore not entitled to carry them in its inventory at any price. On this point also the respondent must be upheld. The proof is that petitioner's business was the purchase and resale to customers of defaulted municipal bonds; that it made incidental purchase of nongovernmental securities for investment and speculation which in a few instances it sold to its customers; that separate from these two activities it accommodates individual investors in St. Augustine by placing their orders for the purchase of securities with Jacksonville brokerage houses, without profit to itself. It is clear that a dealer in securities of limited types may not inventory either securities of other types as to which it is not a dealer, *Vaughan* v. *Commissioner*, 85 Fed. (2d) 497, or securities which it purchases for its own investment purposes. *Hammitt* v. *Commissioner*, 79 Fed. (2d) 494; *Schafer* v. *Helvering*, 83 Fed. (2d) 317; affd., 299 U. S. 171. The dealings of the petitioner resemble those of the taxpayers in the cases cited. Accordingly, it must be held that it was not a dealer in other than municipal securities and it may not inventory nongovernmental securities held by it at the close of 1937. Loss claimed as arising from readjustment of its inventory must, therefore, be denied to the petitioner.

*Decision will be entered under Rule 50.*