ADOLPH KLEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 19310.   Promulgated July 19, 1950.

*Julian Ruslander, Esq.*, for the petitioner.
*Louis A. Boxleitner. Esq.*, for the respondent.

28

OPINION.

Leech, *Judge:* The primary question presented is whether all or any part of the profit realized by the petitioner in the taxable year 1944 with respect to the various mortgage participations is taxable as ordinary income or capital gain. The respondent contends that these participations constituted stock in trade or property held primarily for sale to customers in the ordinary course of petitioner's trade or business and therefore were not capital assets as defined in section 117 (a) (1) of the Internal Revenue Code. Whether petitioner was a dealer or an investor as to the participations in question, and they were, therefore, so held, presents a question of fact. Various factors are considered and applied, no one of which is controlling. The purpose of acquiring the property, the continuity and frequency of the sales and the means employed in selling are important criteria in determining one's status.

The record establishes that petitioner made no sales in the taxable year 1944 and only three sales to third persons in the entire period

1935 to 1944, inclusive. Petitioner was able to acquire 43 mortgage participations because of his willingness to give the assignor an option to repurchase within a fixed period. Only 22 assignors exercised their options during the entire period and only one such option was exercised in the taxable period here involved. Since petitioner acquired the 43 participations burdened with the obligation to resell to the assignors, it may be doubted that they were sales in the ordinary sense, but even if regarded as regular sales, they were not of such continuity and frequency as to constitute petitioner a dealer in securities. There is no evidence of any sales activity or solicitation or advertisement for the purpose of effecting a sale. Petitioner was not a general dealer in securities. His primary business was that of an insurance agent. The securities were all in the process of liquidation at the time of their acquisition by petitioner, and we think it is obvious they were acquired for investment or speculation.

We conclude that petitioner's status was not that of a dealer and that the mortgage participations were therefore not property held primarily for sale to customers in the ordinary course of a trade or business, but were capital assets.

The respondent, however, contends that even if the participations are held to be capital assets, there was no "sale or exchange" within the purview of section 117 (a) (4) of the Internal Revenue Code. Not every gain growing out of a transaction concerning capital assets is allowed the benefits of the capital tax provisions. Those are limited by the definition to the "sale or exchange" of capital assets. Section 117 (a) (2), (3), (4) and (5).

Petitioner argues that there was an "exchange" effected by the retirement in whole or in part of the various participations involved. Section 117 (f) of the Internal Revenue Code provides with respect to the class of securities therein mentioned that the amounts received on their retirement "shall be considered as amounts received in exchange therefor." Petitioner does not contend that the mortgage pool participations are securities of the class defined in such section, and we are convinced that they do not qualify as such securities. Cf. *Cumberland County* v. *LeMoyne*, 318 Pa. 85, 178 Atl. 32. Petitioner, however, takes the position that even though that be so, the execution of the releases to the liquidating fiduciaries in accordance with the orders of the Orphans' Court on the audit of the fiduciary accounts constitutes an "exchange" within the purview of section 117 (b) of the Internal Revenue Code. This position is not sound. No acquisition of property by the liquidator occurred. There was a settlement or compromise but no sale or exchange of anything. The interest of petitioner in these mortgage participations was extinguished, not

sold or exchanged. *Hale* v. *Helvering*, 85 Fed. (2d) 819. See also *Helvering* v. *Flaccus Oak Leather Co.*, 313 U. S. 247. Nor do we think there is any merit in petitioner's further contention that the payments on these mortgage pool participations and mortgage participations qualify as "exchanges" as defined in section 169 of the Internal Revenue Code. This latter section relates to "common trust funds" as defined therein. This record does not establish that the funds involved here were within that definition. Without going further, it need only be noted that there is no evidence that the funds here were maintained by banks in conformity with the rules and regulations of the Board of Governors of the Federal Reserve System as provided in section 169 (a) (2). We, therefore, conclude that there was no "sale or exchange," within the accepted meaning of those terms, of these particular capital assets, to wit: the mortgage pool participations and the mortgage participations. The respondent properly treated the proceeds from these mortgage participations as ordinary income.

We think, however, that the mortgage certificates are in a different category. They were issued in the form of bonds with interest coupons attached. They have a specific maturity date and are guaranteed as to principal and interest by the Potter Title & Mortgage Guarantee Company. The fact that these mortgage certificates at the time of their acquisition by petitioner were in the orderly process of liquidation under the control of the Orphans' Court does not affect their character as securities of the issuing corporation. We are of the opinion that these mortgage certificates were corporate securities within the purview of section 117 (f). *Rieger* v. *Commissioner*, 139 Fed. (2d) 618; *George Peck Caulkins*, 1 T. C. 656, affd., 144 Fed. (2d) 482. Cf. *Hamilton National Bank* v. *United States*, 99 Fed. (2d) 570, certiorari denied, 306 U. S. 653; *Title Guarantee & Trust Co.* v. *Bowers*, 67 Fed. (2d) 892, certiorari denied, 292 U. S. 628. The payments received in the taxable year 1944 contributed to the retirement of these mortgage certificates and are to be considered as amounts received in "exchange therefor." *Howard Carleton Avery*, 13 T. C. 351.[1] The respondent erred in treating the amounts received in the taxable year on these mortgage certificates as ordinary income.

Effect will be given to any stipulated adjustments in the recomputation under Rule 50.

*Decision will be entered under Rule 50.*

---

[1] Respondent acquiesces.   1950–1 C. B. 1.