*Decisions will be entered under Rule 50.*

CHARLES T. FISHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24920. Promulgated December 4, 1952.

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

*R. M. O'Hara, Esq.*, and *Robert G. Surridge, Esq.*, for the petitioner.

*Cyrus A. Neuman, Esq.*, and *Charles Speed Gray, Esq.*, for the respondent.

386

### OPINION.

MURDOCK, *Judge:* The petitioner claims that the notes of the Florida corporation which he held and the accrued unpaid interest thereon up to September 1, 1944, was property, that property was a capital asset which he had held for more than six months at the time of the sale, he sold it at a profit of $66,150.56, and that profit was a long term capital gain, only one-half of which had to be included in gross income, all in accordance with section 117. The parties are in agreement that the petitioner's basis for the notes was $133,849.44. The unpaid interest which accrued on that indebtedness up to September 1, 1944, while it was owned by the petitioner was $75,574.29. The petitioner was not required by law to report and he did not report any of that amount as income as it currently accrued. He transferred the notes and his right to the interest to Prime for $200,000. The record shows no allocation of the $200,000 between principal and interest, but it must be assumed that the purchaser paid no more than $133,849.44 for the notes and it must have paid at least $66,150.56 for the interest rights. All of that interest accrued while the petitioner was the creditor and his right to receive it was a right to receive ordinary income, since the definition of gross income contained in section 22 (a) specifically includes interest. Thus, the petitioner in the taxable year sold his right to receive ordinary income. A sale of a right to receive in the future ordinary income already accrued produces ordinary income rather than a captial gain.

Interest is a payment for the use of money. The petitioner, as owner of money, loaned it and allowed it to be used by the Florida corporation for a number of years. He thereby became entitled to be paid interest and the borrower became obligated to pay it but delayed in meeting that obligation. The petitioner then had a transaction with Prime in which the latter substituted itself as the lender, paid to the petitioner his principal, and also paid him $66,150.56 to compensate him for the time his money had been used by the borrower. Prime thus acquired the petitioner's rights to be reimbursed by the borrower for those payments. The petitioner does not escape tax

on the amount received by him for the use of his money merely because it was paid to him by Prime instead of by the borrower. This is not different from the every day situation in which a bond is sold and the purchaser not only pays for the bond but also pays the seller the accrued interest to the date of the sale. The latter reports the amount as interest not as a part of the "amount realized" on the sale. Perhaps the decided cases most nearly in point are those in which a retiring partner is paid for his share of accrued partnership earnings not yet received by the firm. *Louis Karsch*, 8 T. C. 1327, citing *Helvering* v. *Smith*, 90 F. 2d 590, 592; *Bull* v. *United States*, 295 U. S. 247, 256. Cf. *Doyle* v. *Commissioner*, 102 F. 2d 86, 88. No authority to the contrary has been cited and, following the principle of the cited cases, this issue is decided for the respondent.

*Decision will be entered for the respondent.*