**Harry ROSEN and Rose Rosen, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 17865.**

United States District Court
W. D. Pennsylvania.

March 25, 1960.

———◆———

Sidney Hoffman and Jerome C. Bachrach, Pittsburgh, Pa., for plaintiffs.

Hubert I. Teitelbaum, U. S. Atty., Pittsburgh, Pa., for the United States.

GOURLEY, Chief Judge.

This is a non-jury trial arising out of a claim to recover federal income taxes plus interest which is alleged by plaintiffs to be erroneously and illegally assessed and collected, 28 U.S.C.A. § 1346 (a) (1). Since counsel for the parties formally stipulated to all the facts no testimony was presented.

The following question is the sole matter for determination:

Whether the excess over cost of the proceeds received from the redemption of two accumulative investment certificates is to be taxed as ordinary income or as a capital gain.[1]

On February 21, 1940, Investors Syndicate of Minneapolis, Minnesota (now known as Investors Diversified Services, Inc.) issued two accumulative investment certificates which in 1941 became assigned to the taxpayer. The pertinent portions of the certificates provides as follows:

"In consideration of the application heretofore * * *, and of the payment to Investors Syndicate at Minneapolis, Minnesota of $650 annually in advance during the period of 15 years from date hereof, Investors Syndicate * * * hereby agrees to pay to * * * at the expiration of said period, upon presentation and surrender of this contract to the company, at its office in Minneapolis, Minnesota, the sum of $12,500, hereinafter referred to as the face amount, plus the amount

---

1. We are governed by Section 1232 of the 1954 Internal Revenue Code, which provides as follows:

"§ 1232 Bonds and other evidences of indebtedness.

"(a) *General rule*—For purposes of this subtitle, in the case of bonds, debentures, notes, or certificates or other evidences of indebtedness, which are capital assets in the hands of the taxpayer, and which are issued by any corporation, or government or political subdivision thereof—

"(1) *Retirement*—Amounts received by the holder on retirement of such bonds or other evidences of indebtedness shall be considered as amounts received in exchange therefor (except that in the case of bonds or other evidences of indebtedness issued before January 1, 1955, this paragraph shall apply only to those issued with interest coupons or in registered form, or to those in such form on March 1, 1954)." 26 U.S.C.A. § 1232.

of any additional credits made to this contract as provided herein."

The taxpayer paid on each contract a total consideration of $9,750. He exercised the privilege contained in each of the contracts of paying these installments in advance and had completely paid for the contracts by 1948.

On May 26, 1956, the contracts matured and he surrendered them to the company, receiving therefor a total of $27,360.96, or $7,860.96 in excess of what he paid on both these contracts. The $27,360.96 was composed of the $25,000 total face amounts of the two contracts plus the additional credits provided under the agreements. Whether this excess should receive capital gain treatment or should be subject to ordinary income taxation is the question for the court's determination.

Reduced to simple terms the issue is analogous to a corporation issuing a bond in face amount of $150 payable without interest ten years from date. A taxpayer purchases the bond for $100, payable either at one time or in installments. When the bond is redeemed taxpayer has a profit of $50. Is this $50 ordinary interest income or is it capital gain?

Upon a most thorough review and analysis of the pertinent statute and the authorities, I am satisfied that the better view and best reasoned conclusion supports the reasoning that plaintiff is entitled to capital gain treatment, Edith K. Timken v. Commissioner, 6 T.C. 483; Clara E. Martin Estate v. Comm., 7 T.C. 1081; Adolph Klein v. Commissioner, 15 T.C. 26; Carl Oestreicher, Trustee v. Commissioner, 20 T.C. 12; J. I. Morgan, Inc. v. Commissioner, 30 T.C. 881; Eli Goodstein v. Comm., 30 T.C. 1178, 1193; Commissioner of Internal Revenue v. Caulkins, 6 Cir., 144 F.2d 482.

In addition to the Sixth Circuit, only the Ninth Circuit has made a determination of this identical question. The Ninth Circuit Opinion, very recently decided, is contradictory and irreconcilable with the Sixth Circuit, Commissioner of Internal Revenue v. Morgan, 272 F.2d 936.

I am satisfied that the Sixth Circuit has evaluated the question with great acumen and assiduous study, and that their views express the tenor and purport of the statute.

I see no basis of deciding to the contrary to their learned decision. I might add that I have had the privilege to sit with this distinguished court and my respect for the capabilities and learning of my distinguished brethren is limitless.

An appropriate order is entered.