**FIRST KENTUCKY COMPANY,**
**Plaintiff,**

v.

**William M. GRAY, District Director of Internal Revenue for Kentucky,**
**Defendant.**

**Civ. No. 3677.**

United States District Court
W. D. Kentucky,
Louisville Division.

Aug. 11, 1960.

BROOKS, Chief Judge.

This action is submitted on the record which includes a stipulation of facts. The briefs of the parties have been considered.

At the time the plaintiff-taxpayer purchased the Missouri Pacific Railroad Company bonds involved in this case a considerable amount of accrued interest was in default. The bonds were quoted for sale at a "flat" price, which means a sale for one specified sum without distinction as between principal and interest, and were purchased and subsequently sold by the taxpayer at a "flat" price. At the time of sale a substantial amount

of interest amounting to $95,131.24 which had accrued subsequent to purchase was in default although an amount equal to the interest which had accrued prior to the dates the bonds were purchased had been paid to the taxpayer by the Trustee of the debtor corporation. These payments of interest that had accrued prior to the dates of acquisition were first applied as a reduction to taxpayer's basis for the bonds until the basis was reduced to zero, and thereafter all amounts received as interest were reported as ordinary income. The interest so reported as ordinary income amounted to $52,797.25.

When the bonds were sold the taxpayer treated the excess of the total proceeds of the sale of the bonds over their adjusted bases as long-term capital gain. The Commissioner determined that the full amount of the defaulted interest accrued since the dates the bonds were purchased was ordinary income to the taxpayer. A deficiency was assessed and paid by the taxpayer followed by an unsuccessful claim for refund and the filing of this action.

■ When bonds in default are purchased "flat" the amount of interest accrued and unpaid at the time of acquisition is a capital asset and when paid represents a return of capital and not a receipt of interest to be treated as taxable income. Receipt of interest accruing after the date of purchase of bonds in default is taxable income. See McDonald v. Commissioner, 6 Cir., 217 F.2d 475; National City Lines v. United States, 3 Cir., 197 F.2d 754; Commissioner v. Carman, 2 Cir., 189 F.2d 363; Clyde C. Pierce Corporation v. Commissioner, 5 Cir., 120 F.2d 206; Estate of Rickaby, 27 T.C. 886; Tobey, 26 T.C. 610; Shattuck v. Commissioner, 25 T.C. 416; Adrian and James, Inc., 4 T.C. 708; R. O. Holton & Co. v. Commissioner, 44 B.T.A. 202; Hewitt v. Commissioner, 30 B.T.A. 962.

The proper application of this rule requires the parties to treat all interest received which had accrued prior to the dates the bonds were purchased as a return of capital and to treat all interest received which had accrued subsequent to the date the bonds were acquired as taxable income. It therefore follows that the taxpayer erroneously reported the sum of $52,797.25 as ordinary income instead of treating this amount as a return of capital. And it also follows that such sum as was received by the taxpayer on the sale of the bonds properly allocable to interest that had accrued in the amount of $95,131.24 subsequent to the dates of acquisition of the bonds should have been reported as taxable income rather than return of capital. The method of apportionment of the "flat" sale price between principal and interest is demonstrated in Shattuck v. Commissioner, supra.

■ The taxpayer explains that Rev. Rul. 55–433 1955–2 Cum.Bull. 515 required the reporting as ordinary income of interest payments accruing prior to the purchase of the bonds and after taxpayer's basis for the bonds had been reduced to zero. A Revenue Ruling, however, while entitled to respect cannot stand if in conflict with the law as interpreted by the courts. In McDonald v. Commissioner, supra [217 F.2d 479], it is stated "* * * when interest on an obligation is overdue and unpaid at the time of a flat purchase of such obligation, the interest, when later paid, is treated as a return of capital and not as taxable income, provided that the interest had actually accrued as of the date of purchase;" citing Commissioner v. Carman, supra, and National City Lines v. United States, supra. In view of this case and the other authorities cited herein in support of the "flat purchase" rule, Rev.Rul. 55–433 must be disregarded. See also Estate of Rickaby, supra, where the Tax Court refused to follow the principle set forth in Rev.Rul. 55–433.

■ Taxpayer also relies on the fact that since the bonds were sold "flat" and no interest accruing after the purchase of the bonds was received as such, the entire sales price is a return of capital. Fisher v. Commissioner, 6 Cir., 209 F.2d 513 holds to the contrary. In Fisher

826

notes in default both as to principal and interest were sold to a third party for a price substantially in excess of their face value, just as the Missouri Pacific bonds were sold in this case, and it was held there, on the authority of Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, and the other cases cited by Judge Simons, that a taxpayer who has enjoyed the benefit of the economic gain represented by his right to receive income cannot avoid taxation because he has not himself received payment of it from his obligor.

The taxpayer will tender detailed findings of fact, conclusions of law and proper judgment on notice in accordance with this memorandum.