SIMON JAGLOM AND MARIE JAGLOM, PETITIONERS, *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77152. Filed April 20, 1961.

*Saul Duff Kronovet, Esq.*, for the petitioners.
*Norman L. Rapkin, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of
$3,800.35 in the petitioners' income tax for 1954 and an addition under
section 294(d)(2) for substantial understatement in the declaration of
estimated tax. The only issue for decision is whether the petitioners
are taxable with ordinary income representing interest on Missouri
Pacific bonds that accrued while the petitioners owned those bonds.
The facts have been presented by a stipulation which is adopted as the
findings of fact.

The petitioners filed a joint income tax return for 1954 with the
district director of internal revenue for Upper Manhattan District,
New York. The petitioners at all times material hereto used a cash
method of accounting.

The petitioners purchased on March 15, 1950, $50,000 face amount
of Missouri Pacific 5 percent bonds upon which interest of $20,000
accrued from March 1, 1942, to March 1, 1950, was in default. These
bonds were purchased "flat" at $49,976.25, plus commissions of $125, or
a total cost of $50,101.25. The petitioners received payments of
$17,500 during the period from the date of their purchase of the bonds
to December 13, 1954, representing interest on the bonds which was
in default at the date of purchase.

The debtor had been in bankruptcy since 1933. The trustee in bank-
ruptcy petitioned the United States District Court prior to November
5, 1954, for authority to pay all interest matured and unpaid up to
December 31, 1954, on all of the bankrupt's outstanding indebtedness,
including the bonds here in question, and reserved and earmarked
$62,627,388 for that purpose. The District Court issued the requested
authorization on November 5, 1954, and the trustee in bankruptcy an-
nounced as of December 1, 1954, that the payments authorized would

commence on December 16, 1954. Meanwhile, the Court of Appeals had issued a temporary stay order but vacated it on December 10, 1954, and affirmed the order of the District Court. The trustee in bankruptcy paid on December 16, 1954, all of the interest in default and thereafter no interest on the bonds was in default.

The petitioners sold their $50,000 face amount of bonds flat on December 13, 1954, on the New York Stock Exchange for a total price of $59,747.50.

The petitioners on their income tax return for 1954 reported the sale of the $50,000 Missouri Pacific bonds as resulting in a long-term capital gain of $27,146.25, representing the difference between the $59,-747.50 received from the sale of the bonds and $32,601.25, their adjusted basis for the bonds. The Commissioner in determining the deficiency included in ordinary income $11,250 and reduced long-term capital gains by one-half of that amount. He explained that the $11,250 is held to be taxable under section 61(a) as interest income.

The petitioners argue that no part of the amount which they received as the result of the sale on December 13, 1954, was taxable to them as interest and that the entire amount received from that sale was the amount realized on the sale of a capital asset held for more than 6 months. They place importance in this argument upon the fact that they bought the bonds flat and sold them flat. The Commissioner agrees that the amount which the petitioners paid for the bonds on March 15, 1950, represents the cost of a capital asset which consisted of the right to receive the $50,000 face amount of the bonds and all accrued unpaid interest up to the date of purchase. He contends, however, that on the date of purchase the petitioners became lenders, they continued to be lenders from that date to the date of sale, as lenders they were entitled to receive interest for the use of their money and this right was never a capital asset in their hands but was simply a right to receive interest for that particular period.

The Court agrees with the Commissioner. This case on this issue is not distinguishable in principle from *Charles T. Fisher*, 19 T.C. 384, affd. 209 F. 2d 513, certiorari denied 347 U.S. 1014; *Warner A. Shattuck*, 25 T.C. 416; *Allen Tobey*, 26 T.C. 610; *Adrian & James, Inc.*, 4 T.C. 708; *First Kentucky Co.* v. *Gray*, 190 F. Supp. 824. See also sec. 1.61–7(c), Income Tax Regs., and Rev. Rul. 60–284, I.R.B. 1960–35, 28. It is immaterial in this connection whether the taxpayer acquired the evidence of indebtedness when it was originally issued or bought it from a prior owner and it is likewise immaterial whether the taxpayer held the indebtedness to maturity or sold it prior to maturity, provided the taxpayer actually received some payment of the interest which accrued while the taxpayer owned the indebtedness. Cases involving only interest accrued and in default on the indebtedness at the time it was acquired by the taxpayer are not in point.

The parties have stipulated in this case that the portion of the interest which had accrued subsequent to the purchase of the bonds would have been taxable to the petitioners as ordinary, interest income, if instead of selling the bonds on December 13, 1954, they had held them and received the interest payments on December 16, 1954, from the trustee in bankruptcy. This difference is immaterial except as to the amount.

The remaining question is to determine how much of the total amount received from the sale of the bonds on December 13, 1954, represents payment of interest accrued during the time that the petitioners held the bonds. The bonds in the hands of the petitioners on December 13, 1954, represented a right to receive the principal of the bonds ($50,000), the unpaid portion of the interest on the bonds at the time the petitioners purchased them, adjusted for subsequent payments ($2,604.17), and the interest on the bonds from the time that they purchased them up to December 13, 1954 ($11,854.83), or a total of $64,459. They did not receive that amount from the sale, but, instead, received $59,747.50. The total principal and interest due on the bonds at the time the purchasers sold them is to the total amount received by the petitioners from the sale of the bonds as the total interest which accrued while the petitioners owned the bonds is to the portion of the purchase price properly allocable to that interest. Cf. *Warner A. Shattuck, supra*. This computation shows that it is appropriate to allocate to the payment of taxable interest, that is, the interest which accrued while the petitioners owned the bonds, $10,988.24 of the total amount received from the sale of the bonds.

*Decision will be entered under Rule 50.*