*Decisions will be entered under Rule 50.*

V. David Leavin and Lillian Leavin, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Sol Davidson and Grace Davidson, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 86531, 86532. Filed January 17, 1962.

*Ben Gould, Esq.,* for the petitioners.
*Edward M. Fox, Esq.,* for the respondent.

Bruce, *Judge:* Respondent determined deficiencies in income taxes as follows:

| Docket No. | Year | Deficiency |
|---|---|---|
| 86531 | 1955 | $6,447.51 |
|  | 1956 | 2,671.69 |
| 86532 | 1955 | 348.20 |
|  | 1956 | 2,463.55 |

Petitioners V. David Leavin and Lillian Leavin have conceded respondent's determination that they overstated certain expenses in 1955 and 1956.

There remains for our consideration, whether gains realized upon the redemption prior to maturity by the issuing corporations of debentures issued at a discount in registered form prior to January 1, 1955, are taxable as ordinary income or capital gains.

FINDINGS OF FACT.

The facts have been fully stipulated. Said stipulation is incorporated herein by this reference.

Petitioners V. David Leavin and Lillian Leavin are, and have been during all years material hereto, husband and wife, residing in Pacific Palisades, California. These petitioners computed income on the cash basis and filed their returns on the calendar year basis. They filed joint income tax returns for the taxable years 1955 and 1956 with the district director of internal revenue at Los Angeles, California.

Petitioners Sol Davidson and Grace Davidson are, and have been during all times material hereto, husband and wife, residing in West Los Angeles, California. They computed income on the cash basis and filed their returns on the calendar year basis. They filed joint income tax returns for the taxable years 1955 and 1956 with the district director of internal revenue at Los Angeles, California.

The principal occupation of petitioner V. David Leavin during the taxable years material hereto was that of an investor.

Petitioner Sol Davidson was, during the taxable years material hereto, a certified public accountant by profession.

During the taxable years here involved, the D & L Company was a partnership, organized under the laws of the State of California on April 1, 1953. The office of the D & L Company was located at 6399 Wilshire Boulevard, Los Angeles, California. Petitioners Sol Davidson and V. David Leavin were the only partners of the D & L Company.

The principal business of the D & L Company during the years involved herein was the investment in numerous other small partnerships whose businesses, in turn, consisted of investments in debentures issued by numerous construction corporations.

The D & L Company used, for Federal income tax purposes, the cash method of accounting and operated on a fiscal year basis commencing February 1 and ending January 31 of the succeeding year.

During the fiscal year ended January 31, 1955, the D & L Company realized, in addition to interest income on debentures, certain other income in the amount of $8,193.26 through the redemption by the

issuing company of corporate debentures which were either owned in part (one-twelfth interest) by the D & L Company or were owned by other partnerships of which the D & L Company was a partner. Of the $8,193.26 income realized by the D & L Company during the fiscal year ended January 31, 1955, through the redemption of corporate debentures, petitioner Sol Davidson had a distributable share amounting to $2,601.62 and petitioner V. David Leavin had a distributable share amounting to $5,591.64.

In their joint income tax return for the taxable year 1955, petitioners Sol Davidson and Grace Davidson reported as long-term capital gain their distributable share of debenture-redemption income in the amount of $2,601.62 which had been realized through the D & L Company.

During the taxable year 1955, petitioners V. David Leavin and Lillian Leavin realized income in the total amount of $26,161.66 through the redemption by the issuing company of corporate debentures which were owned either in whole or in part by said petitioners.

In their joint income tax return for the taxable year 1955, petitioners V. David Leavin and Lillian Leavin reported as long-term capital gain their distributable share of debenture-redemption income in the amount of $5,591.64 realized through the D & L Company and also debenture-redemption income in the amount of $26,161.66 resulting from the redemption of debentures owned by them either wholly or in part. Thus, petitioners V. David Leavin and Lillian Leavin reported total debenture-redemption income in the amount of $31,753.30 as long-term capital gain for the taxable year 1955.

During the fiscal year ended January 31, 1956, the D & L Company realized, in addition to interest income on debentures, certain other income in the amount of $27,462.50 through the redemption by the issuing company of corporate debentures owned by partnerships in which the D & L Company was a partner. Of the $27,462.50 income realized by the D & L Company during the fiscal year ended January 31, 1956, through the redemption of corporate debentures, petitioner Sol Davidson had a distributable share amounting to $13,146.25 and petitioner V. David Leavin had a distributable share amounting to $14,316.25.

In their joint income tax return for the taxable year 1956, petitioners Sol Davidson and Grace Davidson reported as long-term capital gain their distributable share of debenture-redemption income in the amount of $13,146.25 realized through the D & L Company.

In their joint income tax return for the taxable year 1956, petitioners V. David Leavin and Lillian Leavin reported as long-term capital gain their distributable share of debenture-redemption income in the amount of $14,316.25 realized through the D & L Company.

The following facts are true of all debentures involved herein, whether owned in whole or in part by petitioners V. David Leavin and Lillian Leavin, by the D & L Company, or by other partnerships in which D & L Company was a partner:

(1) All debentures were in registered form when issued;

(2) All debentures were issued prior to January 1, 1955;

(3) All debentures provided for interest on the stated face value thereof at the rate of 2 percent per annum, which interest was paid currently until the debentures were redeemed;

(4) All debentures provided for a maturity date which was 6 years from the date of original issue;

(5) All debentures were issued with face values (stated redemption price at maturity) in the amount of $500;

(6) All debentures were issued for a price of $370 per $500-face-value amount with the following two exceptions:

(a) Barber Building Co. debentures issued at a price of $357 per $500-face-value amount;

(b) Gary Building Co. debentures issued at a price of $335 per $500-face-value amount;

(7) All debentures were redeemed for their stated face value;

(8) All debentures were unsecured.

All of the debentures involved, whether owned in whole or in part by petitioners V. David Leavin and Lillian Leavin, by the D & L Company, or by other partnerships in which D & L Company was a partner, were acquired by the owners from the issuing corporations at the original issue thereof and were held by said owners until redeemed by the issuing corporation.

All of the income received by reason of the redemption of the corporate debentures herein represents the difference between the issue price of said debentures and the stated redemption price at maturity thereof.

All of the corporations which issued the debentures herein involved were engaged in the business of developing real estate tracts by the construction of residences thereon. The debentures were issued by the various corporations for the purpose of financing the construction of a specific number of residences on specific real estate tracts.

At the time of issuing the debentures, it was the intention of the issuing corporations that, when a specific tract development was completed and the residences constructed thereon had been entirely sold, the net proceeds therefrom would be used to redeem the particular debentures which had been issued to finance the development of said tract and the construction of said residences, even though said debentures had not then matured. The owners of the debentures herein involved knew of said intention on the part of the issuing corporations

but were given no assurances by the issuing corporations that the debentures would be redeemed before maturity.

All of the debentures were in fact redeemed prior to the maturity dates of said debentures. The longest period of time between issue date and redemption date for any of the debentures herein involved was 17 months and 16 days (Edian Building Co. debentures). The shortest period of time between issue date and redemption date for any of the debentures herein involved was 7 months and 11 days (Gary Building Co. debentures).

None of the owners of the debentures herein involved—whether V. David Leavin and Lillian Leavin, the D & L Company, or the partnerships in which the D & L Company was a partner—had any financial interest in the issuing corporations other than the interest represented by their ownership of debentures.

Upon redemption of the debentures herein involved, said debentures were endorsed and delivered to the issuing corporation, and the debenture register of said issuing corporation was signed by the owner of the debentures being redeemed.

The income herein involved which was realized by reason of the redemption of corporate debentures represents compensation paid for the use of money, and, consequently, is interest income taxable at ordinary income tax rates.

OPINION.

Petitioners invested in registered debentures bearing interest at 2 percent per year. The debentures were issued in the face amount of $500 prior to January 1, 1955. They were acquired by petitioners from the issuers at discounts in excess of 25 percent. Each debenture provided for a maturity date 6 years from the date of original issue, but all of the debentures were redeemed at "face" prior to maturity.

Respondent maintains that the difference between the amount paid for a debenture and the amount received upon redemption thereof constitutes ordinary income, citing *Morgan* v. *Commissioner*, 272 F. 2d 936 (C.A. 9, 1959), reversing 30 T.C. 881 (1958); and *Rosen* v. *United States*, 288 F. 2d 658 (C.A. 3, 1961), reversing 185 F. Supp. 805 (W.D. Pa., 1960). Petitioners claim capital gains treatment, citing *George Peck Caulkins*, 1 T.C. 656 (1943), affd. 144 F. 2d 482 (C.A. 6, 1944). Recently, we reconsidered our decision in *Caulkins*, and determined that we will no longer follow that case. *Richard B. Gibbons*, 37 T.C. 569 (1961). The position had been taken in *Caulkins* that section 117(f), I.R.C. 1939, the predecessor of section 1232(a)(1), I.R.C. 1954, in providing that the redemption of registered instruments of indebtedness would constitute an exchange, codified congressional intent to afford capital gains treatment to such

transactions. The Third and Ninth Circuits in *Rosen* and *Morgan*, held that the language of the Code provided only one of the necessary incidents of capital gains and that ordinary income was, nevertheless, realized when accumulated earnings certificates with accrued interest were redeemed. We followed *Morgan* and *Rosen* in *Gibbons*, another case involving accumulated earnings certificates.

Accordingly, the fact that the debentures in the instant case were redeemed by the issuer does not, per se, accord capital gains treatment to the net proceeds under section 1232 (a) (1) of the 1954 Code. Moreover, insofar as the redemption at "face" includes the discount allocable to the period for which the debentures actually were outstanding (assuming for the moment that the total discount is amortized over the 6-year maturity of the debenture), interest or money paid for the use of money clearly has accrued and is taxable as ordinary income. *Richard B. Gibbons, supra.*

The facts of *Caulkins*, *Morgan*, *Rosen*, and *Gibbons*, differ in one respect from those presently before us. Each of the above-mentioned cases involved accumulated earnings certificates which were redeemed at maturity. Thus, in each instance the excess of the redemption, maturity, or face amount realized over cost, basis, or amount paid for the certificate represented increment fully earned or accrued at the time of redemption. In the instant case, only a portion of the maturity period had run. Respondent contends that this fact, however, has no significance insofar as petitioners' debenture-redemption income is concerned. Although the specific question has not been argued, we consider whether the amounts realized by petitioners included any portions properly taxable at capital gains rates.

It appears settled that a premium paid for premature relinquishment of an obligation is not interest in the form of compensation paid for the use of borrowed money. See, e.g., *District Bond Co.*, 1 T.C. 837 (1943). Similarly, in certain "flat" sales of unmatured or matured bonds purchased at less than "face," the amounts realized on redemption have been apportioned to tax as ordinary income only the interest which accrued during the period the bonds were held by the taxpayer. *Warner A. Shattuck*, 25 T.C. 416 (1955); *Allen Tobey*, 26 T.C. 610 (1956); cf. *Simon Jaglom*, 36 T.C. 126 (1961), on appeal (C.A. 2).

In this case, however, both petitioners and the issuers of the debentures understood from the outset that, while the debentures provided a 6-year maturity, actual redemption at "face" would take place as soon as the borrower (issuer) had completed and marketed the project for which the debentures provided financing. The issuing corporations were engaged in the business of developing real estate tracts by building residences thereon. The debentures were issued to finance the construction of a specific number of residences. It was the re-

772

vealed intention of the issuers that when a specific development was complete and all residences therein had been sold, the proceeds would be used to redeem the debentures issued to finance the tract. All debentures were, in fact, redeemed in less than 18 months. Under these facts, we conclude that the essential nature of the original-issue discount here involved was interest or money paid for the use of money and that realization of this amount upon redemption of the debentures gave rise to ordinary income.

We are mindful that these debentures, in addition to being discounted upon issuance, bore interest at 2 percent per annum and that the issuer was not bound by the terms of the instruments to retire them prior to their maturity. We do not pass on a case in which no prior understanding exists with respect to early redemption, since such a case is not before us. The parties in the case before us knew the debentures would be redeemed prior to maturity, or at least as soon as the project was sold. The maturity dates merely set the maximum period. The charges were fixed. There remained in relative doubt only the effective rate of interest.

Our attention has been directed to no case involving this particular issue. We note, however, that our decision is in accord with section 1232(a)(2), of the 1954 Code, which does not apply to debentures issued prior to January 1, 1955, but which marks the distinction between the situation in which there is no plan of early redemption and that in which, as in the instant case, there is an understanding the instruments will be redeemed prior to maturity.

*Decisions will be entered for the respondent.*