*Decisions will be entered under Rule 50.*

ARNOLD A. SCHWARTZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 90499. Filed April 29, 1963

*Irving Kunzman*, and *Harold Druse*, for the petitioner.
*Gerald N. Daffner*, for the respondent.

OPINION

FORRESTER, *Judge:* Respondent has determined a deficiency in petitioner's income tax for the calendar year 1957 in the amount of $20,887.51. The only issue presented for our determination is whether increment on non-interest-bearing bonds purchased at a discount between December 25, 1944, and December 31, 1954, is taxable upon redemption at maturity as long-term capital gain or as ordinary income.

The material facts have been stipulated and are so found.

Petitioner is an individual residing in Plainfield, N.J. He filed an individual Federal income tax return for the year 1957 with the district director of internal revenue at Newark, N.J.

At all times herein material, petitioner has used the cash receipts and disbursements method of accounting and a calendar-year taxable period as the basis for reporting income for Federal income tax purposes.

Petitioner acquired as of July 1, 1952, debenture bonds with a face value of $162,000 for which he paid $121,500. The bonds, which had a maturity date of July 1, 1957, were issued in non-interest-bearing, registered form by Echo Lake Holding Co., a New Jersey corporation (hereinafter called Echo Lake).

The debentures were due on July 1, 1957, but Echo Lake reserved the right to purchase for retirement and cancellation any or all of the bonds of the authorized issue on any July 1 prior to maturity date.

In the event that any debenture bonds were called for payment the redemption price of each would have been as follows:

(a) If paid on July 1, 1953, the sum equal to 80 percent of the face amount.
(b) If paid on July 1, 1954, the sum equal to 85 percent of the face amount.
(c) If paid on July 1, 1955, the sum equal to 90 percent of the face amount.
(d) If paid on July 1, 1956, the sum equal to 95 percent of the face amount.

On July 1, 1957, the debenture bonds owned by the petitioner matured and were presented for redemption to Echo Lake. On the same date the petitioner received as the face amount of the bonds the sum of $162,000, which was $40,500 in excess of the total amount paid.

Petitioner argues that as a matter of law the gain involved herein is capital gain. We had originally so held in *George Peck Caulkins*, 1 T.C. 656 (1943), affd. 144 F. 2d 482 (C.A. 6, 1944), nonacq. 1943 C.B. 28, acq. 1944 C.B. 5, nonacq. 1955-1 C.B. 7, and in several cases thereafter. See e.g., *Eli D. Goodstein*, 30 T.C. 1178, 1193 (1958), affirmed on other issues 267 F. 2d 127 (C.A. 1, 1959). However, in *Commissioner* v. *Morgan*, 272 F. 2d 936 (C.A. 9, 1959), reversing 30 T.C. 881, our position was rejected and the gain was held to be taxable as ordinary income. In *Rosen* v. *United States*, 288 F. 2d 658 (C.A. 3, 1961), reversing 185 F. Supp. 805, the Third Circuit agreed with the *Morgan* case and disapproved of *Caulkins*. See also *United States* v. *Harrison*, 304 F. 2d 835 (C.A. 5, 1962).

In the light of the above decisions of the Third and Ninth Circuits, we felt compelled to reexamine our position. In *Richard B. Gibbons*, 37 T.C. 569 (1961), we reviewed the recent cases, decided to follow the *Morgan* and *Rosen* cases, and announced that we would no longer follow our decision in *Caulkins*. *Gibbons* is indistinguishable from the instant case except for the acquisition dates of the obligations, and

therefore indicates that the gain realized by petitioner is ordinary income.

Petitioner's more persuasive argument, conceding that *Gibbons*, *Morgan*, and *Rosen* constitute the current legal authority, is that these cases do not apply to purchasers of noninterest bearing obligations at a discount between December 25, 1944, and December 31, 1954. December 25, 1944, is the date of the Commissioner's acquiescence in *Caulkins;* section 1232(a)(2) of the 1954 Code provided ordinary income treatment for such obligations issued after December 31, 1954. The relevant bonds were purchased on July 1, 1952.

The petitioner argues that the Commissioner should be equitably estopped from asserting ordinary income treatment. He avers that he relied to his detriment upon the acquiescence in *Caulkins* and that the Commissioner should not be heard to deny his statement of position.

One of the elements of equitable estoppel is that the taxpayer rely on a false statement on which he had a right to rely. In the instant case, petitioner has not sustained his burden of proving that he relied on the *Caulkins* acquiescence and that he had a right to rely thereon.[1] Since the requisite reliance has not been established, equitable estoppel cannot be applied. See *Cahen Trust* v. *United States*, 292 F. 2d 33, 39 (C.A. 7, 1961), certiorari denied 309 U.S. 802; *James Couzens*, 11 B.T.A. 1040, 1148–1151 (1928).

What petitioner is actually asserting is a form of pseudoestoppel based on equitable principles. See, e.g., *Schuster* v. *Commissioner*, 312 F. 2d 311 (C.A. 9, 1962), reversing 32 T.C. 1017 on this issue in a situation which the Court of Appeals emphasized "must necessarily be rare," and *City Loan & Savings Co.* v. *United States*, 177 F. Supp. 843 (N.D. Ohio, 1959) affd. 287 F. 2d 612 (C.A. 6, 1961), which is factually different and which the Court of Appeals did not affirm on the estoppel issue.

We cannot adopt such an assertion here. This Court is a statutory body of limited jurisdiction, and we do not have the powers of a court of equity. *Commissioner* v. *Gooch Milling & Elevator Co.*, 320 U.S. 418 (1943); *Lorain Avenue Clinic*, 31 T.C. 141, 164 (1958); *Jefferson Loan Co.* v. *Commissioner*, 249 F. 2d 364 (C.A. 8, 1957); *Taylor* v. *Commissioner*, 258 F. 2d 89, 93 (C.A. 2, 1958), affirming 27 T.C. 361 (1956). We cannot and do not adopt the asserted doctrine of pseudoestoppel.

---

[1] The only evidence is the testimony of petitioner's counsel who stated: "Mr. Schwartz has been in a high income bracket for many years. * * * [He] consulted me before he entered into this transaction. I advised him, after studying the law and the cases, that this would be a capital gains transaction. Thereupon, he went into this purchase of the bonds."

Petitioner's final assertion is that the Commissioner abused his discretion. It is clear that petitioner has not established any discrimination against himself due to treatment unlike that afforded by respondent to taxpayers similarly situated. Indeed, several reported decisions exhibit similar treatment. See *United States* v. *Harrison, supra; V. David Leavin,* 37 T.C. 766 (1962) ; *Eli D. Goodstein, supra.*

Petitioner urges that since the 1955 revocation of the *Caulkins* acquiescence was not retroactive as regards the specific type of certificates therein involved, that this amounts to an abuse of discretion as against the holders of all other types of such certificates purchased after December 25, 1944, and before December 31, 1954. Petitioner is referring to the following language of Rev. Rul. 55–136, 1955–1 C.B. 213, 215:

[The acquiescence as to *Caulkins* has been withdrawn and a nonacquiescence published.] The provisions of this Revenue Ruling will not be applied to amounts received upon redemption of Accumulative Installment Certificates issued by Investors Syndicate which were purchased during the period beginning December 25, 1944, * * * and March 14, 1955 [later changed to December 31, 1954], the date this Revenue Ruling is published in the Internal Revenue Bulletin.

See also Rev. Rul. 56–299, 1956–1 C.B. 603, and Rev. Rul. 56–77, 1956–1 C.B. 620.

Petitioner argues that this is tantamount to saying to this taxpayer, "If you had bought your bonds from Investors Syndicate instead of Echo Lake, the Commissioner would have allowed you to treat your profit as a capital gain," and that this is an abuse of discretion.

This argument is very appealing, but we must remember that respondent has the statutory right to limit the retroactive effect of his rulings (sec. 7805(b), I.R.C. 1954) and we know of no other case where such an abuse has been adjudicated except when urged by the very taxpayer in whose favor the representation had operated. Thus *Lesavoy Foundation* v. *Commissioner,* 238 F. 2d 589 (C.A. 3, 1956), is distinguishable. The mere fact that the Commissioner extended his discretion to the type of certificate involved in *Caulkins* and yet properly asserts ordinary income treatment in the instant case (and in the cases of similarly situated taxpayers) is not an abuse of discretion. And this is especially true where, as here, taxpayer has failed his burden of showing reliance on the now revoked acquiescence, rather than on "the law and the cases."

Abuse of discretion is not lightly to be determined, and is hardly to be presumed. Further, to the extent that the instant question of abuse of discretion is a claim for equitable relief, we have no jurisdiction over the matter. *Lorain Avenue Clinic, supra.*

*Decision will be entered for the respondent.*