T.C. Summary Opinion 2016-64

UNITED STATES TAX COURT

ROSELLA MARIE HILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8439-15S.                        Filed September 29, 2016.

Rosella Marie Hill, pro se.

<u>Vivian Bodey</u> and <u>Linda L. Wong</u>, for respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $7,858 in petitioner's Federal income tax and a section 6662(a) penalty of $1,572 for the 2012 tax year. After concessions,[2] the issues for decision are whether petitioner (1) underreported her income by failing to report retirement income of $39,650 for the 2012 tax year and (2) is liable for the penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner timely filed her 2012 joint Federal income tax return with her husband. The notice of deficiency was issued to both petitioner and her husband, but she alone petitioned the Court. Petitioner resided in Texas when her petition was timely filed.

---

[2]Respondent disallowed $451 of petitioner's claimed student loan interest deduction for 2012. On the basis of our examination of the entire record before us, we find that petitioner did not raise her student loan interest deduction in her petition or at trial. Therefore, petitioner has conceded that she is not entitled to an additional student loan interest deduction of $451 for 2012. See Rule 34(b)(4) (concession by failing to assign error).

Petitioner worked for the Dallas independent school district until 2011, when she retired at the age of 64. On May 3, 2010, petitioner filed for bankruptcy with the U.S. Bankruptcy Court for the Northern District of Texas under 11 U.S.C. chapter 13, No. 10-33140-sgj13. Petitioner did not receive a bankruptcy discharge, and the case was dismissed on September 9, 2013.

During the bankruptcy case petitioner failed to make $8,421.94 of mortgage payments to Citimortgage, Inc. On February 1, 2011, the bankruptcy judge ordered petitioner to make these mortgage payments and continue to make regular monthly mortgage payments as a condition to keeping the automatic stay in effect in her bankruptcy case. Petitioner testified at trial that her bankruptcy attorney told the bankruptcy judge that petitioner would take distributions from her retirement account to make the mortgage payments.

In April 2012 petitioner was involved in a car accident that totaled her car. In order to make her mortgage payments and purchase a new car, petitioner withdrew $39,650 from her Citibank retirement account in 2012. Petitioner claims she used the $39,650 distribution as follows: $17,000 to purchase a new car, $10,000 to pay her mortgage, and the rest to pay other bills.

On her joint tax return for the 2012 tax year, petitioner reported retirement income of $19,654 that she received from the Teacher Retirement System of

Texas. Petitioner did not report the retirement income of $39,650 that she had withdrawn from her Citibank retirement account. Petitioner also claimed a student loan interest deduction of $1,728. Petitioner's 2012 tax return was prepared by a tax return preparer, but she did not provide the return preparer with any documentation regarding her $39,650 retirement distribution before she filed her return. Petitioner did not receive tax advice from her bankruptcy attorney.

For the 2012 tax year respondent received information returns, specifically Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.; from Citibank and the Teacher Retirement System of Texas. These forms showed that petitioner had received $39,650 of retirement income from Citibank and $19,654 of retirement income from the Teacher Retirement System of Texas.

Respondent noticed discrepancies between the information returns and petitioner's joint return and determined a deficiency in petitioner's tax for the 2012 tax year. The notice of deficiency increased petitioner's 2012 gross income by $39,650 and disallowed $451 of petitioner's claimed student loan interest deduction. The notice also determined a section 6662(a) accuracy-related penalty.

## Discussion

### I. Burden of Proof

The Commissioner's determination as to a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner has not argued or shown that she meets the requirements of section 7491(a)(1). Therefore, the burden of proof does not shift to respondent.

### II. Taxability of Retirement Account Distributions

Section 61(a) provides that "gross income means all income from whatever source derived". Section 408(d)(1) provides that, "[e]xcept as otherwise provided in this subsection, any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distributee".

Section 408(d) provides several exceptions to this rule--e.g., for rollover contributions, transfers incident to divorce, and distributions for charitable purposes--but there is no exception for distributions used to defray ordinary living expenses following the loss of a job or other misfortune. See sec. 408(d)(3), (6),

(8); Adams v. Commissioner, T.C. Memo. 2015-162; Gallagher v. Commissioner, T.C. Memo. 2001-34.

Petitioner admits that she received retirement income of $39,650 from her Citibank retirement account in 2012, but she contends that she should not be taxed on this withdrawal because she was ordered by her bankruptcy judge to withdraw money from her retirement account to make her mortgage payments. However, petitioner testified at trial that her bankruptcy lawyer, rather than the bankruptcy judge, suggested that petitioner would withdraw money from her retirement account to make the mortgage payments. Furthermore, even if the judge had suggested that petitioner withdraw funds from her retirement account, the taxability of these withdrawals was not an issue in the bankruptcy case. Petitioner did not receive a discharge in her bankruptcy case, and section 408(d) does not provide an exception for the conditional payment of debt in a bankruptcy case or for the payment of other personal living expenses. While we understand petitioner's pleas for the mercy of the Court, we are not a court of equity and we must apply the law to the facts at hand. See Schwartz v. Commissioner, 40 T.C. 191, 193 (1963); Cunningham v. Commissioner, T.C. Memo. 2009-194. Therefore, petitioner's $39,650 withdrawal from her Citibank retirement account should be included in her gross income for the 2012 tax year.

III.    Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any portion of an underpayment of Federal income tax which is attributable to a substantial understatement of income tax.  An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

Under section 7491(c) the Commissioner bears the burden of production with regard to a penalty and must come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Respondent's deficiency determination for the 2012 tax year is in excess of $5,000, which is greater than 10% of the tax required to be shown on petitioner's return.  Therefore, respondent has satisfied the burden of producing evidence that the penalty is appropriate.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate because the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 446-447.

The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts

and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that may signal reasonable cause and good faith "include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. "Reasonable cause" may also be shown by demonstrating reliance on the advice of a competent tax professional. Id.

Petitioner's 2012 tax return was prepared by a return preparer. There is no evidence in the record that this return preparer was a competent tax professional and petitioner admits that she did not provide the return preparer with any documentation regarding her $39,650 retirement distribution before her return was filed for the 2012 tax year. Petitioner did not receive tax advice from her bankruptcy attorney, and the bankruptcy judge did not address the tax issues regarding her retirement account withdrawal. Therefore, petitioner failed to establish that she relied on the informed advice of a competent tax professional. Furthermore, because petitioner reported retirement income of $19,654 from the Teacher Retirement System of Texas on her tax return for 2012, we do not believe that she had a reasonable misunderstanding of the law when it came to her retirement distribution from Citibank. We conclude that petitioner does not

qualify for the reasonable cause and good faith defense as to any portion of the underpayment.  The section 6662(a) penalty is sustained.

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.