**JEFFERSON LOAN COMPANY, Inc.,**
Petitioner,
v.
**COMMISSIONER OF INTERNAL REVENUE,** Respondent.
No. 15664.

United States Court of Appeals
Eighth Circuit.
Nov. 18, 1957.

A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., were with her on the brief), for respondent.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

This matter is before us on petition of the taxpayer to review a decision of the Tax Court of the United States. On October 5, 1951, the Tax Court entered its decision, which so far as here pertinent reads as follows:

"Under written stipulation signed by counsel for the parties in the above-entitled proceeding and filed with the court on September 27, 1951, at St. Louis, Missouri, it is

"Ordered and Decided: That there are deficiencies in tax and penalties due from the petitioner as follows:

Forrest M. Hemker, St. Louis, Mo. (Edward L. Wiese, St. Louis, Mo., was with him on the brief), for petitioner.

Louise Foster, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and

| | Deficiency Tax | Penalty 50% | 25% |
|---|---|---|---|
| **Year ended Jan. 31, 1947** | | | |
| Income | $ 513.35 | None | None |
| Personal Holding Co. Surtax | 16,469.93 | $ 8,234.97 | $ 4,117.49 |
| **Year Ended Jan. 31, 1948** | | | |
| Income | $ None | None | None |
| Personal Holding Co. Surtax | 27,342.66 | $13,671.33 | $ 6,835.66" |

On October 3, 1955, taxpayer filed its motion to withdraw stipulation and revise this decision dated October 5, 1951. In support of this motion it was alleged that it had paid the amounts of the deficiencies as determined by the Tax Court's decision; that thereafter taxpayer ascertained that in truth and in fact for the said taxable years 1947 and 1948, and for some three years thereafter, its business and affairs were under the active supervision and control of its president, Vernon F. Neubauer; that the tax returns for said years were signed by him, and a stipulation prepared and signed by counsel employed by him stipulated as to the amount alleged to be due; that during the taxable years 1947 to and including 1951, the stockholders relied upon said Vernon F. Neubauer to manage and direct its operations and affairs, and relied upon the audit reports prepared and signed by Marion F. Langenberg, an independent certified public accountant who was employed by said Vernon F. Neubauer; that the tax returns and the report of the auditor employed by Vernon F. Neubauer were false and fraudulently made for the purpose of showing that under the direction and management of said Vernon F. Neubauer, its president, the

company was making profits, whereas in truth and in fact, as later shown by correct audits, taxpayer had no taxable income for the said years. The showing made by taxpayer on its said motion went into quite elaborate details, the effect of which was that the said Vernon F. Neubauer, president, had, presumably for the purpose of showing that the company under his management was making profit, fraudulently reported taxable income.

On October 3, 1955, the Tax Court granted taxpayer permission to file its motion and to withdraw its stipulation. Thereafter, and on November 21, 1955, the motion was heard and submitted, the respondent agreeing, for the purpose of the hearing on the motion, that the facts alleged were true, but asserted in defense that the Tax Court had no jurisdiction to set aside the decision of October 5, 1951, for the reason that same had become final under Section 1140, 26 U.S. C.A. On May 25, 1956, the Tax Court entered its decision on petitioner's motion, denying the motion and holding that the taxpayer was not entitled to relief because of its laches. The Tax Court declined to rule on the question of its jurisdiction.

In seeking reversal the taxpayer contends in effect, among other things, that (1) the Tax Court had power and jurisdiction to grant relief on its motion to review its decision of October 5, 1951; (2) the extrinsic, after-discovered fraud present in this case which prevented petitioner from in fact having a real hearing presents a case within the exception to the general rule that final judgments are ordinarily immune from attack; (3) exclusive jurisdiction to review decisions of the Tax Court is vested in the United States Court of Appeals and this court has power to vacate the fraud-infested decision of the Tax Court in this case and do justice between the parties.

■ The decision of the Tax Court of October 5, 1951, was entered on stipulation, the taxpayer agreeing to the amount of the deficiencies. The decision was not appealed from nor otherwise as-

sailed until four years later when, on October 3, 1955, taxpayer interposed its motion to revise the decision. The Tax Court was of the view that the taxpayer had not acted promptly and that its delay amounted to laches. It, however, had before it the claim of the respondent that the decision entered October 5, 1951, had become final and could not be assailed by the proffered motion. All intendments are in favor of the validity of the decision attacked and if it is correct it should be sustained regardless of the grounds on which the Tax Court based its decision.

■ It is strenuously urged by the respondent that when a decision of the Tax Court becomes final the Tax Court lacks jurisdiction to entertain a motion to set the decision aside. Section 1142 of the Internal Revenue Code, 1939, 26 U.S.C.A., § 1142, fixes a time limitation after which a petition for review by a Court of Appeals may not be filed, and Section 1140 of the Internal Revenue Code, 1939, expressly indicates the time when a decision of the Tax Court shall become final, and as indicated by the Supreme Court in Commissioner v. Gooch Milling & Elevator Company, 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139, the mainspring of the Tax Court's jurisdiction is not general equitable principles but the Internal Revenue Code. The authority to act must be determined, not on equitable principles, but upon statutory provisions fixing the limitations of the Tax Court's jurisdiction. Section 1140, Title 26 U.S.C.A. provides in part:

"The decision of the Tax Court shall become final—

"(a) *Petition for review not filed on time.* Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time; * * *."

Manifestly, the decision of the Tax Court here involved had become final before petitioner sought to have it revised; in fact, it had stood without challenge for four years. Lasky v. Commissioner, 9 Cir., 235 F.2d 97; Lasky v. Commis-

sioner, 352 U.S. 1027, 77 S.Ct. 594, 1 L. Ed.2d 598; Helvering v. Northern Coal Co., 293 U.S. 191, 55 S.Ct. 3, 79 L.Ed. 281; R. Simpson & Co. v. Commissioner, 321 U.S. 225, 64 S.Ct. 496, 88 L.Ed. 688. In Lasky v. Commissioner, 9th Cir., 235 F.2d 98, supra, some four months after the entry of the Tax Court's decision, on motion of the taxpayer the Tax Court vacated its decision. On petition for rehearing, in the course of a well considered opinion Judge Denman, speaking for the court, among other things said:

"Some four months after the decision, on August 23, 1954, the petitioners moved the Tax Court to vacate the decision of April 8, 1954, on the ground of excusable neglect, a power formerly in the federal courts' equity jurisdiction, cf. Wayne United Gas Co. v. Owens-Illinois Glass Co., 1937, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557, and now contained in Rule 60(b), F.R. C.P., 28 U.S.C., which by Rule 1 is confined to the United States District Court and not applicable to executive agencies.

"Though not a court at all but merely an administrative agency it assumed the power of a district court and in December, 1954, it granted petitioners' motions to vacate its decision of April 8, 1954, and for the taking of additional evidence. * * *

\* \* \* \* \* \*

"Obviously if the Supreme Court lacks the power to reconsider because the decision of the Board has become 'final', a fortiori such an agency as the Tax Court likewise lacks the power by the words of Section 1140 that 'The decision of the Tax Court shall become final * * * upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time'.

"Counsel for the Laskys, ignoring the Congressional definition of it as an executive agency, contend that the Tax Court is 'like other *courts*' and hence as a *court* has the '*inherent* power to control, amend, open and vacate its decisions.'

\* \* \* \* \* \*

"Both the Sixth Circuit and counsel here cite the case of La Floridienne J. Buttgenbach & Co. v. Commissioner, 5 Cir., 1933, 63 F.2d 630, where the court held *solely* that *on the stipulation of the parties* the Board of Tax Appeals could set aside its final order more than three months after its rendition. Here there is no such stipulation. More important still, the Buttgenbach case was decided in 1933, the year before the Supreme Court rendered its Northern Coal Co. decision in 1934 [Helvering v. Northern Coal Co., 293 U.S. 191, 55 S.Ct. 3, 79 L.Ed. 281], determining that where the statutes make final the action of the taxing agency, no jurisdiction exists after such finality to set the decision aside. \* \* \*"

 It is, however, insisted that this case is of the exceptional nature not governed by the prescribed rules of procedure in that by reason of the fraud of its president petitioner was denied its day in court, but as pointed out in the Lasky case, the power to vacate a decision on equitable grounds, after it has become final, "is confined to the United States District Courts and not applicable to executive agencies." It is argued by respondent that such relief could not here be granted because the fraud was not the fraud of the parties to the litigation. There is confessedly much authority in support of this doctrine but we prefer to rest our decision on the proposition that the Tax Court did not have such equitable jurisdiction. It is a creature of the statute of limited jurisdiction and the statute here definitely limits its jurisdiction to the time when its decision shall have become final. That period had long passed before its jurisdiction was invoked by the present proceeding.

**368**

It is urged by petitioner that this court has jurisdiction to consider the issues sought to be presented to the Tax Court. After the decision has become final neither the Tax Court nor this court can grant relief however meritorious the claim may be. The petition for review is therefore dismissed.