BERNARD AND SYLVIA DEUTSCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deutsch v. Commissioner
Docket No. 2731-70.
United States Tax Court
T.C. Memo 1975-76; 1975 Tax Ct. Memo LEXIS 295; 34 T.C.M. (CCH) 387; T.C.M. (RIA) 750076; March 25, 1975, Filed Bernard Deutsch, pro se. D. Ronald Morello, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on the motion of petitioner Bernard Deutsch to vacate the decision entered in this case on April 3, 1973. Such motion was filed on January 23, 1975, upon the granting of special leave to do so by Judge Charles R. Simpson. A hearing on the motion was held in Washington, D.C., on March 5, 1975. *296 The pertinent facts may be summarized as follows: This case was set for trial on the New York City Session which began on March 19, 1973. Petitioners were represented by their counsel of record, Richard T. Monahan, and the respondent was represented by Marion L. Westen. When the case was called, counsel for the parties reported to the Court that a basis of settlement had been reached. Mr. Monahan, petitioners' attorney, read into the record the amounts of the deficiencies and additions to tax to which the parties had agreed for each of the years. [1] The decision, pursuant to the settlement stipulation, was entered on April 3, 1973, and was signed by both counsel and by Judge Simpson. The deficiencies and additions to tax, as set forth in the decision, total $28,891.43. *297 On June 19, 1973, petitioners received Statements of Tax Due (Form 17-A) showing a total liability for the years 1959 through 1964 of $43,529.81. This included the taxes and penalties of $28,891.43 plus interest of $14,638.38. Petitioner then contacted his attorney and requested a copy of the decision. He received it on June 21, 1973, and discovered that it included the following stipulation: It is further stipulated that, effective upon the entry of this decision by the Court, petitioners waive the restrictions, if any, contained in the applicable Internal Revenue laws on the assessment and collection of the deficiencies in taxes and additions to the tax, plus statutory interest. [Emphasis added.] On June 21, 1973, Mr. Monahan wrote to the Internal Revenue Service asserting that the stipulation was not in accord with the agreement of the parties. Mr. Monahan believed, although erroneously, that interest on the deficiencies would only run from the date the decision was entered rather than from the due date of the tax returns, as required by section 6601, Internal Revenue Code of 1954. However, no action was taken by Mr. Monahan to file a motion to *298 vacate the decision before it became final on July 2, 1973. Nor did petitioner Bernard Deutsch take any action to vacate the decision until he filed his motion with the Court on January 23, 1975. Petitioner claims that the decision should be vacated now because fraud has been practiced on the Court. We disagree. Ordinarily, a decision of this Court becomes final 90 days after it is entered, if no appeal has been taken within that period; and this Court cannot generally reconsider or set aside its decision. See sections 7481 and 7483, Internal Revenue Code of 1954; Lasky v. Commissioner,235 F. 2d 97 (C.A. 9, 1956), affirmed per curiam 352 U.S. 1027 (1957). However, the Court of Appeals for the Seventh Circuit indicated that the Tax Court may re-examine an otherwise final decision if it can be clearly and convincingly established that such decision was produced by fraud upon the Court. Kenner v. Commissioner,387 F. 2d 689 (C.A. 7, 1968), certiorari denied 393 U.S. 841 (1968), rehearing denied 393 U.S. 971 (1968). That Court made it plain that such fraud must be "only that species of fraud which does, *299 or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." 387 F. 2d at 691, citing 7 Moore's Federal Practice, 2d ed., p. 512. The conclusion in Kenner was that the petitioner failed to show that an adverse decision of this Court was brought about by fraud on the Court despite his allegations that the decision contained errors and untrue statements of fact, and that his counsel failed to vigorously represent his interests and took certain actions which were prejudicial to the petitioner. The import of the decision, then, is to suggest that this Court can re-examine an otherwise final decision when such decision was produced by "fraud on the court" of the most egregious nature, and when such fraud goes to the very heart of the adjudicative process. But the question of whether a final Tax Court decision can be re-examined, even when fraud can be clearly established, is not entirely free from doubt. See and compare Jefferson Loan Co. v. Commissioner,249 F. 2d 364, 367 (C. *300 A. 8, 1957); John J. Toscano,52 T.C. 295 (1969), remanded for further proceedings 441 F. 2d 930 (C.A. 9, 1971). Richard T. Monahan, the petitioner's attorney, was acting in his general role and capacity as counsel in the Tax Court proceeding, and, as far as we know, not under the specific powers conferred upon him by any power of attorney. Counsel of record in a Tax Court proceeding has the inherent authority to act for the petitioner he represents. Such authority includes the power to settle the case on behalf of the petitioner. Even if we assume the truth of petitioner's allegations that Mr. Monahan exceeded the scope of his authority in signing the stipulated decision, there would still be no "fraud on the court" as that phrase has been judicially interpreted. The phrase must be read narrowly in the interest of preserving the finality of decisions of this Court, especially stipulated decisions which are agreed to by counsel for the litigants. See Senate Realty Corp. v. Commissioner, 75-1 U.S.T.C. par. 9268 (C.A. 2, 1975), where the Court of Appeals said: We have not been cited to nor have we discovered any case where a court *301 has found the mere settlement of a suit by counsel without authorization to constitute a fraud upon the court which would support a setting aside of a final judgment of the court. The narrow definition of such fraud which has found acceptance in this court generally reflects the policy of putting an end to litigation. See Restatement of Judgments § 1 (1942). We see no good reason here to disturb the decision of the Tax Court. There is no showing of the evil intent, deceit or collusion which have marked those cases where final verdicts have been set aside. * * * In a document filed with the Court on March 5, 1975, Mr. Monahan stated that it was his understanding that interest would be computed from the date the decision was entered; yet he stipulated to "statutory interest." Section 6601(a) of the Code requires the payment of interest on any amount of tax from the due date of the return until the date paid. The notice of deficiency herein did not, and could not, determine the amount of interest that would be due on the deficiencies in tax determined for the years in question. The pleadings in this case raised no issue with respect to the payment of interest. This Court has no jurisdiction *302 to determine the amount of statutory interest that is due on deficiencies in tax; and the authority of the parties in negotiating the settlement extended only to the issues pending before the Court. It is unmistakably clear that the Court was in no way misguided or deceived with respect to the agreed decision submitted by counsel for both parties. Although it is unfortunate that Mr. Monahan may have misunderstood the law, he nevertheless agreed to the settlement and to "statutory interest." Moreover, he had ample time to protect the interests and rights of his client, the petitioner, by filing a motion to vacate the decision within 90 days from the date it was entered. He failed to take such action. While the decision may have resulted from a mistake in the minds of the petitioner and Mr. Monahan, we do not construe it as a fraud upon this Court. Accordingly, we conclude, under these particular circumstances, that the petitioner's motion to vacate the decision entered on April 3, 1973, should be denied. An appropriate order will be entered.
Footnotes
1. MR. MONAHAN: For the year 1959, the tax deficiency of $676.29, 5 percent negligent charge is $33.21. For the year 1960, the tax deficiency is $1,091.78, 5 percent negligence is $54.59. The year 1961, the tax deficiency is $7,046.35, 5 percent negligence is $352.32. The year 1962, the tax deficiency is $3,785.95, 5 percent negligence is $189.30, and 25 percent delinquency is $946.49. For the year 1963, the tax deficiency is $10,629.10, 5 percent negligence is $531.46, and the 25 percent delinquency is $2,657.28. For the year 1964, the tax deficiency is $854.58, 5 percent negligence is $42,73; making totals for the years 1959 thru 1964, tax deficiency of $24,084.05, 5 percent negligent penalty from 1959 thru 1964 is $1,203.61; 25 percent delinquency for the years 1962 and 1963 amount to $3,603.77, making a total deficiency due of $28,891.43. [Transcript of March 19, 1973, at pp. 2 and 3.]↩