Laura HEIM, Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

Clarence HEIM, Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

Elmer HEIM, Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

Nos. 88–1633 to 88–1635.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1988.

Decided April 10, 1989.

David R. Brennan, Minneapolis, Minn.,
for appellants.

Janet A. Bradley, Washington, D.C., for
appellees.

Before LAY, Chief Judge, JOHN R.
GIBSON, Circuit Judge, and NICHOL*,
Senior District Judge.

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

JOHN R. GIBSON, Circuit Judge.

Laura, Clarence and Elmer Heim appeal from a decision of the tax court denying leave to file motions to vacate an earlier tax court decision, which determined there were deficiencies in their federal gift taxes and imposed penalties. The Heims contend that the tax court had authority to vacate its earlier decision and should have done so because of the gross negligence of their attorney in conducting a hearing before the tax court and in failing to file an appeal. The Commissioner, however, contends that the tax court lacks equitable jurisdiction to set aside its earlier decision, and that the only basis recognized by courts for such authority has been upon a showing of fraud on the court. Under either view, the ultimate determination we must make is whether the tax court abused its discretion. Because we conclude that the tax court has not abused its discretion, we are not faced with deciding the issue of the tax court's equitable powers. We affirm the judgment of the tax court.

In 1971 Clarence Heim, his sister Laura, and his brother Elmer (the Heims) executed a document granting Clarence's son, Maurice D. Heim, and Maurice's wife an option to purchase farm property in North Dakota for $136,000. In a second document they granted similar rights to Michael J. Heim, also Clarence's son, and Michael's wife to purchase other property in North Dakota for $128,000. In 1977 the Heims executed four contracts for deed conveying land to Clarence's sons, Maurice, Michael and Rick Heim. The Commissioner determined that the 1971 option agreements were unenforceable and that the Heims had sold the property in 1977 for less than fair market value, resulting in taxable gifts. The Commissioner assessed deficiencies against them pursuant to 26 U.S.C. § 2501, and imposed penalties for failure to file gift tax returns and for negligence pursuant to 26 U.S.C. §§ 6651(a), 6653(a).

The Heims then filed a suit in the United States Tax Court contending that the transfer of the properties in 1977 was undertaken to fulfill the legally binding option agreements executed in 1971. To repre-sent them in this proceeding, the Heims retained Gerald Jukkala, who ultimately submitted the issues to the tax court on stipulated facts. On April 9, 1987, the tax court entered decisions against each taxpayer, finding deficiencies and requiring additions to taxes. Jukkala did not tell the Heims of the adverse ruling and no appeal was filed.

On December 22, 1987 the Heims, through new counsel, filed motions for leave to file motions to vacate the decisions of the tax court, asserting that their former attorney, Jukkala, was grossly negligent in handling the matter before the tax court. They claim that without authority Jukkala entered into grossly inadequate and misleading stipulations before the tax court. Jukkala then failed to advise them of the tax court's adverse opinion, which they discovered when they received a bill from the Internal Revenue Service in September 1987, six months after the tax court's decision was entered. Consequently, the Heims failed to make a motion to vacate the decision or appeal the judgment within the statutory time period. The tax court denied their motions for leave to file motions to vacate and they now appeal.

We are satisfied that if we follow the arguments put forth by either the Heims or the Commissioner, we ultimately reach the same question: whether the tax court abused its discretion in denying the Heims' motion for leave to vacate a decision which had become final. Under 26 U.S.C. §§ 7481(a)(1), 7483, a tax court decision becomes final 90 days after its entry if no notice of appeal is filed. Because the taxpayers did not file a notice of appeal within the 90 day period, the tax court's decision here is indisputably final. Tax Court Rule 162 provides that a motion to vacate a decision filed more than 30 days after it was entered must be by special leave of the court. Whether to grant such a motion lies within the sound discretion of the tax court. *Lentin v. Commissioner*, 237 F.2d 5, 6 (7th Cir.1956). *Cf. Long v. Commissioner*, 757 F.2d 957, 959 (8th Cir.1985) (denial of leave to amend petition within tax court's discretion); *Deamer v. Commissioner*, 752 F.2d 337, 340 (8th Cir.1985)

(denial of motion for continuance within tax court's discretion).

The Heims argue that the tax court nevertheless has the equitable power to vacate its final decision. Originally the tax court was an administrative agency, which did not have the equitable power to vacate a decision once it became final. *See Jefferson Loan Co. v. Commissioner*, 249 F.2d 364, 366–67 (8th Cir.1957). Although the Eighth Circuit has allowed no exceptions and has strictly applied this jurisdictional limit, *id.* at 367, some circuits recognized as an exception a showing of fraud on the court. *See Toscano v. Commissioner*, 441 F.2d 930, 933 (9th Cir.1971). In 1969, the tax court became an Article I court. Tax Reform Act of 1969, Pub.L. 91–172, § 951, 83 Stat. 487 (codified as amended at 26 U.S.C. § 7441 (1982)). The taxpayers argue that by virtue of this change the tax court acquired equitable powers analogous to a district court's authority to vacate a final judgment under Fed.R.Civ.P. 60(b), even though the tax court has not adopted a similar rule.

The Commissioner, on the other hand, maintains that the 90–day appeal period is jurisdictional and that the change in the tax court from an agency to an Article I court in no way affected this strict jurisdictional limit.[1] We are not convinced that we must ascertain the scope of the tax court's equitable powers. Even if we adopt the Heims' argument that the tax court has an equitable power analogous to Rule 60(b), we are ultimately faced with the same inquiry of whether the tax court abused its discretion in its ruling.

A Rule 60(b) motion to vacate a judgment "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstanc-

es."[2] *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984) (citing *Clarke v. Burkle*, 570 F.2d 824, 830–31 (8th Cir.1978)). Because a motion to vacate is viewed with such disfavor, we do not disturb the final decision unless we determine that the court abused its discretion.

For reversal, the Heims contend that Jukkala was grossly negligent in failing to offer evidence of consideration in the 1971 option agreements, to explain deviations between the option agreements and the contracts for deed, and to rebut the assertion of penalties. They also allege Jukkala erred in stipulating to an erroneous appraisal of their property and in failing to notify them of the tax court's decision. Thus, the Heims' argument here is essentially directed toward the adequacy of the representation that they received. We have "generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief." *United States v. Thompson*, 438 F.2d 254 (8th Cir.1971). In *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962), the Supreme Court held that the district court had not abused its discretion by dismissing the action for an attorney's failure to prosecute a claim. In its analysis, the Court stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in

---

1. The Commissioner cites several cases decided after 1969 which continue to hold that a tax court has no equitable powers to vacate a decision once it is final. *See Anderson v. Commissioner*, 693 F.2d 844, 846 (9th Cir.1979); *Senate Realty Corp. v. Commissioner*, 511 F.2d 929 (2d Cir.1975); *Stickler v. Commissioner*, 464 F.2d 368, 370 (3d Cir.1972). Additionally, the Supreme Court recently stated in a per curiam decision that the tax court "lacks general equitable powers." *Commissioner v. McCoy*, 484

U.S. 3, 108 S.Ct. 217, 219, 98 L.Ed.2d 2 (1987). These cases decided since 1969, however, have not reexamined the tax court's authority to vacate in light of its changed status.

2. On appeal the Heims base their Rule 60(b) motions to vacate the tax court's decision on 60(b)(1) for "excusable neglect" and 60(b)(6) for "any other reason justifying relief."

which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Id.* at 633–34, 82 S.Ct. at 1390–91 (citations omitted). We therefore conclude that any errors committed by Jukkala, even accepting the designation of gross negligence, do not constitute an adequate showing of "exceptional circumstances," warranting vacation of the tax court decision. The Heims voluntarily chose Jukkala to represent them, and they cannot now avoid his acts or omissions in the proceeding. The Heims further contend that Jukkala lacked authority in the proceeding to stipulate to certain facts. In this respect, we observe that Jukkala had represented the Heims since 1977, some nine years before the hearing in question, and that he was fully authorized to act on their behalf at the tax court proceeding.

The Heims rely on several cases which allow appellate courts to vacate a judgment due to attorney negligence. The facts of these cases, however, show more extreme misconduct by the attorney than the case before us. In *Surety Ins. Co. v. Williams*, 729 F.2d 581 (8th Cir.1984), an attorney, without the consent of his clients, agreed to settle the case outside of court and the district court entered a judgment in accordance with the settlement agreement. Because the clients were completely unaware of their attorney's unauthorized conduct concerning settlement, which brought the litigation to an end, the appellate court vacated the district court's order denying Rule 60(b) relief. Here, *Surety* is not applicable because, as we have previously indicated, Jukkala was authorized to represent the Heims in the tax court proceeding. It is only the manner in which he did so that leads to the Heims' claims.

The Heims also rely on *Boughner v. Secretary of Health, Educ. & Welfare*, 572 F.2d 976 (3d Cir.1978), and *United States v. Cirami*, 563 F.2d 26 (2d Cir.1977). In both cases the appellate court vacated the district court judgment under Rule 60(b). In *Boughner,* the attorney failed to oppose a motion for summary judgment which was then entered in favor of the opposing party. 572 F.2d at 977. Further, there was evidence that a total of fifty-three clients had been represented by the attorney and that in each case the attorney had failed to make the necessary filings. In reversing the district court's denial of the Rule 60(b)(6) motion, the court concluded that the attorney's "egregious conduct amounted to nothing short of leaving his clients unrepresented." *Id.* Similarly in *Cirami,* defendants' attorney failed to oppose the government's motion for summary judgment on a tax assessment claim due to a mental disorder of the counsel, 563 F.2d at 33. The court stated that the "attorney had not, in fact, been representing them," characterizing the situation as a "constructive disappearance" of defendants' attorney. *Id.* at 34. Again the appellate court justified vacation of the judgment because the entry of summary judgment precluded defendant from presenting his case on the merits to the district court. *Id.* at 33. Such is not the case here. In the tax court proceedings, the Heims, through Jukkala, were allowed to submit their case on the merits on a stipulation of facts. They were represented before the court, although they claim such representation was seriously inadequate. The Heims received no direct notice of the tax court's decision, and Jukkala, who did receive notice, did not inform them. While there is no doubt that this is negligence of a serious nature, Jukkala's conduct did not amount to "leaving his clients unrepresented." The Heims further argue that they did not file gift tax returns because they relied upon Jukkala's advice not to do so. We have held, however, in a number of decisions that reliance on the mistaken advice of counsel does not constitute "reasonable cause" for failing to file tax returns. *See Estate of Kerber v. United States*, 717 F.2d 454, 455 (8th Cir. 1983), *cert. denied,* 469 U.S. 1188, 105 S.Ct. 955, 83 L.Ed.2d 962 (1985); *Smith v. United States,* 702 F.2d 741, 743 (8th Cir.1983). We therefore conclude that while the Heims point to serious inadequacies in Jukkala's representation, even if we were to apply the standards of Rule 60(b), they

have not sufficiently demonstrated that the tax court abused its discretion in refusing to vacate its earlier decision.

■ The Heims further allege that the tax court should have vacated their final decision because fraud was committed on the court. As a basis for fraud, taxpayers claim that Jukkala significantly distorted and omitted facts. To vacate a motion due to fraud on the court, it is necessary to show a deliberately planned scheme designed to improperly influence the court in its decision. *See Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). The cases that recognize such a theory, however, have been careful to differentiate fraud on the court from fraud against individuals. *See Stickler v. Commissioner,* 464 F.2d 368, 370 (3d Cir.1972); *Toscano v. Commissioner,* 441 F.2d 930, 933 (9th Cir.1971). Furthermore, allegations that an attorney was grossly negligent or that he lacked authority do not support a finding of fraud on the court. *See Kenner v. Commissioner,* 387 F.2d 689, 692 (7th Cir.), *cert. denied,* 393 U.S. 841, 89 S.Ct. 121, 21 L.Ed.2d 112 (1968); *Senate Realty Corp. v. Commissioner,* 511 F.2d 929, 932 (2d Cir.1975). Here we can find no effort by Jukkala to improperly influence the court, nor any motive to do so. If there were wrongful acts, they are claimed to be at most grossly negligent or without authority, and were directed toward the Heims, not the court.

In considering the positions of both the Heims and the Commissioner, we are satisfied that the only issue presented here is whether the tax court abused its discretion in denying the motions for leave to file motions to vacate the decisions which had become final. In view of our analysis above, we cannot conclude that there was such an abuse. We may thus leave to another day and perhaps another court the decision as to the validity of the Commissioner's draconian view that the tax court lacks the equitable powers to set aside its earlier orders. We are mindful that there are limitations on reopening final decisions. We recognize that the Heims have a legitimate ground for complaint against Jukkala. We must conclude, however, that they have not established justification for reopening this case. We affirm the judgment of the tax court.

LAY, Chief Judge, with whom NICHOL, Senior District Judge, joins, concurring.

■ In *Commissioner v. McCoy,* 484 U.S. 3, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987), the Supreme Court stated, "[t]he Tax Court is a court of limited jurisdiction and lacks general equitable powers." *Id.* at ——, 108 S.Ct. at 219. Therefore, I would hold that the tax court has no equitable power. Under these circumstances, it is unnecessary to reach the question of whether the taxpayers have made an adequate showing of exceptional circumstances under Federal Rule of Civil Procedure 60(b). For this reason I concur in the result of Judge Gibson's opinion.