ESTATE OF LUIS G. EGGER, DECEASED, JAMES H. POWELL, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 39777-86.     Filed May 22, 1989.

*Herbert H. Chaice,* for the petitioner.
*Kevin C. Reilly,* for the respondent.

### SUPPLEMENTAL OPINION

CHABOT, *Judge:* This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7456(d) of the Code (redesignated section 7443A(b)) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax

Court Rules of Practice and Procedure.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, *Special Trial Judge:* This case is before the Court on petitioner's motion to vacate in which petitioner prays that the Court vacate its decision entered September 30, 1987, in order that a new decision may be entered reflecting deductions for additional expenses of administration.

On September 30, 1987, the Court opinion in this case was filed in which we held that so-called project notes issued under the United States Housing Act of 1937, as amended, are includable in the gross estate. *Estate of Egger v. Commissioner,* 89 T.C. 726 (1987). That was the only issue before the Court, and on the same day, we entered a decision for the full amount of the deficiency shown in the statutory notice. Petitioner did not move to vacate the decision under Rule 162; petitioner, however, did file a notice of appeal on October 14, 1987.

At the time, a case was pending before the Supreme Court involving the taxability of similar bonds, and the Court of Appeals for the Second Circuit apparently deferred consideration of the issue. On March 23, 1988, the Supreme Court issued its opinion in *United States v. Wells Fargo Bank,* 485 U.S. 351 (1988). In that opinion, the Supreme Court agreed with our *Estate of Egger* opinion and held that the project notes are includable in the gross estate. Petitioner then filed a motion with the Court of Appeals to "remand [the case] to the United States Tax Court to reconsider its Order [sic] of September 30, 1987." In the document attached to that motion, it is clear that the remand was sought in order to allow petitioner to claim additional deductions for expenses of administration for interest to be paid to the Federal and State governments on the deficiencies and for the costs of litigation.

On July 19, 1988, the Court of Appeals entered an order granting petitioner's motion. Shortly thereafter, this Court

---

[1] All statutory references are to the Internal Revenue Code of 1954 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided.

received a document entitled "Notice of Motion for Reconsideration" that was filed as a motion to vacate. In essence, petitioner asks us to vacate our decision and enter a new decision that takes into account the additional expenses.

The decision that petitioner seeks to vacate is not final (see section 7481), and there is no question that this Court has jurisdiction to vacate the decision. Compare *Jefferson Loan Co. v. Commissioner*, 249 F.2d 364 (8th Cir. 1957). Furthermore, respondent does not contend that the additional expenses are not properly deductible. Nonetheless, he objects to the motion.

In respondent's view, petitioner has not preserved its right to claim the additional deductions. He points out that there is no mention in the petition of these additional deductions. He further points out that Rule 162 provides that a motion to vacate or revise a decision "shall be filed within 30 days after the decision has been entered." Finally, respondent notes that Rule 156 provides that in an unagreed estate tax Rule 155 computation, a party may move to reopen a case for further trial on the issue of deductions incurred at or after trial and points out that petitioner failed to take this action. In short, respondent contends that petitioner should have moved to vacate our decision and have a new decision entered under Rule 155 within 30 days of our decision, and failing to so do, it is now foreclosed from claiming additional expenses of administration.

Generally this procedure would be proper. E.g., *Estate of Fawcett v. Commissioner*, 64 T.C. 889, 901 (1975). There are, however, several problems in this case that make such a course of action difficult to implement. First, any claim for additional expenses of administration would have to be based on a bare estimate. Both parties recognized that regardless of what result this Court reached, the case would have been appealed. The opinions of various courts were not uniform. Moreover, while the *Wells Fargo* case was before the Supreme Court, it was possible, although perhaps unlikely, that the case could have been decided on grounds that would not have controlled this case. See *Estate of Egger v. Commissioner*, 89 T.C. at 729 n. 2. In that event, there would have been a substantial likelihood that a writ of

certiorari would have been sought in this case regardless of what the Court of Appeals held. Thus, it would have been difficult, if not impossible, to make any reasonable estimate of additional expenses of administration. Compare section 20.2053-3(c)(2), Estate Tax Regs.

In view of these facts, respondent suggests that petitioner should have sought certification for an interlocutory appeal under section 7482(a)(2) and Rule 193(a). Section 7482(a)(2) allows an appeal of an interlocutory order where there is a "substantial ground for difference of opinion and * * * an immediate appeal from that order may materially advance the ultimate termination of the litigation." While in this case there may be substantial grounds for differences of opinion, that may not be true in other similar cases. See *Kovens v. Commissioner*, 91 T.C. 74 (1988). Nor would this litigation have been materially advanced because the issue as to the reasonable amount of additional expenses would still be present. Finally, section 7482(a)(2) provides that the "Court of Appeals may, in its discretion, permit [such] an appeal." Thus, it would be uncertain whether that court would entertain an interlocutory appeal. In short, we do not believe that section 7482(a)(2) provides a viable remedy for the problem.

There are, however, other methods of solving the problem. For example, in circumstances such as presented here, the parties could stipulate, prior to the decision's being entered, to have the case remanded for consideration of such deductions regardless of the disposition of the substantive issues by the Court of Appeals or the Supreme Court. This approach is fully consistent with Rule 156. That Rule provides that in an estate tax case, if the parties "are unable to agree under Rule 155, or under a remand, upon a deduction involving expenses incurred at or after trial, any party may move to reopen the case for further trial on that issue." Moreover, Rule 156 does not require that the issue be raised in the petition or an amended petition. See Note, Rule 156, 60 T.C. 1143. Futhermore, while respondent seems to suggest otherwise, there is nothing in Rule 156 that requires that the remand be on grounds other than for consideration of a deduction for expenses. Indeed, the rule

specifically states "incurred at or after trial" and would include expenses at the appellate level.

In the event that the parties will not stipulate, another alternative was suggested in *Moir v. United States,* 149 F.2d 455, 460 n. 8 (1st Cir. 1945):

Let the taxpayer claim in the Tax Court an appropriate deduction for attorneys' fees on the assumption of a favorable decision upon his petition for redetermination of the deficiency, and upon the further assumption that the decision of the Tax Court would become final without further review. Let the taxpayer claim in the alternative a larger deduction for attorneys' fees on the assumption that such decision of the Tax Court would be reviewed by the circuit court of appeals and by the Supreme Court, and ultimately affirmed. The Tax Court, then, in redetermining the deficiency, could allow a deduction for attorneys' fees in a reasonable amount based upon the assumption that the litigation would end there. That would take care of a case like the present, because in fact the Commissioner did not seek review of the Tax Court's decision. But if the Commissioner seeks review of the Tax Court's decision, the taxpayer might bring a cross-petition for review upon a claim that the allowance for attorneys' fees was insufficient in view of the prolongation of the litigation. In this way the question of the proper allowance for attorneys' fees would remain open for final determination by the Tax Court when the case is finally remanded to it by the reviewing court. * * *

We do not suggest that these procedures are exclusive, but they would have solved the problem facing us now. Thus, to avoid the problem, petitioner should take some action to raise the issue on the record.

Neither of these nor any other procedures was used by petitioner, and respondent contends Rule 162 provides that a motion to vacate shall be filed within 30 days after the decision is entered and the motion is untimely. Rule 162 also provides, however, that the Court may direct otherwise. Leave to file untimely motions and the granting of such motions are addressed to the sound discretion of the Court. *Senate Realty Corp. v. Commissioner,* 511 F.2d 929 (2d Cir. 1975), affg. a Memorandum Opinion of this Court. We are guided primarily by whether it would be in the interest of justice to vacate the prior decision. But, we also recognize that litigation must end at sometime. See *Koufman v. Commissioner,* 69 T.C. 473, 476-477 (1977).

Petitioner seeks to excuse its failure to raise the issue in a timely fashion because it believed that, if the opinion and decision "were ultimately upheld, the Petitioner would still be able to deduct such interest and legal fees." This states

too much. Once a decision becomes final under section 7481, in the absence of circumstances not present here, we may not have the authority to vacate a decision. Cf. sec. 7481(d), as amended by sec. 6247 of the Technical and Miscellaneous Revenue Act of 1988, 102 Stat. 3342, 3751-3752; *Senate Realty Corp. v. Commissioner, supra.* Furthermore, petitioner could not have brought a suit for a refund. Sec. 6512(a); *Moir v. United States, supra; First National Bank v. United States,* 792 F.2d 954 (9th Cir. 1986).

Petitioner's position, accordingly, must be that its failure to timely raise the issue is based on a misapprehension of the law, and generally we have held that such misapprehensions are not sufficient to vacate a decision. *Koufman v. Commissioner, supra.* But, this Court previously has not specifically addressed the problems raised in this case. Given this consideration, in the interest of justice, we will grant leave to file the motion to vacate and will vacate our decision with a direction that a new decision be entered under Rule 155.

*An appropriate order will be issued.*