Peter J. WEBBE and Patricia
Webbe, Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE SERVICE, Appellee.

No. 88–2876.

United States Court of Appeals,
Eighth Circuit.

Submitted October 13, 1989.

Decided May 4, 1990.

James F. Nangle, Jr., St. Louis, Mo., for appellants.

Howard M. Soloman, Washington, D.C., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and LARSON, Senior District Judge.*

ARNOLD, Circuit Judge.

In this case we consider the extent of the power of the United States Tax Court to revise or modify decisions that have become final. We conclude that there is no such power, at least in the absence of extraordinary circumstances not present here.

On November 2, 1987, the Tax Court entered a final decision in a case involving certain deductions claimed by the taxpayers in connection with the sale of the Aladdin Hotel in Las Vegas, Nevada. The court determined that there was a deficiency in taxpayers' 1981 taxes in the amount of $71,425. Taxpayers did not file a notice of appeal within the 90–day period prescribed by 26 U.S.C. § 7483. On September 16, 1988, however, they filed two motions asking the Tax Court to reconsider its opinion and to revise its decision. These motions claimed that newly discovered evidence required a change in the result of the case. On September 21, 1988, the motions were denied without comment. This appeal followed.

Section 7481(a)(1) of the Internal Revenue Code sets out precise rules for determining when judgments of the Tax Court become final. The statute says that "the decision of the Tax Court shall become final ... [u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." The decision in this case had unquestionably become final under that definition. Taxpayers claim, however, that Rules 161 and 162 of the Tax Court give that court the power to modify or revise final decisions even after the expiration of the 90–day period for appeal. These two rules provide that motions to revise a decision or to reconsider an opinion or findings of fact shall be filed within 30 days after the opinion or decision in question is issued, "unless the Court shall otherwise permit." We are urged to hold that the "otherwise permit" language gives the Tax Court power to revise its own decisions either without any time limit at all, or, by analogy, within the one-year time limit contained in Fed.R.Civ.P. 60(b) for motions to set aside judg-

---

* The Hon. Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

ments on the basis of newly discovered evidence.

The great weight of authority supports the government's position that the rules should not be so read. The language of Rules 161 and 162—"unless the Court shall otherwise permit"—can be read to apply only to that time period between the 30th and 90th days after a decision. In this way, meaning will be ascribed to each phrase of the rules that we are interpreting, without doing violence to the statutory provision as to when decisions have become final. We have so held twice in the past. *Heim v. Commissioner*, 872 F.2d 245 (8th Cir.1989) (concurring opinion joined by two members of the panel); *Jefferson Loan Co. v. Commissioner*, 249 F.2d 364, 366–68 (8th Cir.1957). There are many other reported opinions of courts of appeals to the same effect. *E.g., Billingsley v. Commissioner*, 868 F.2d 1081 (9th Cir.1989); *Stickler v. Commissioner*, 464 F.2d 368 (3d Cir. 1972) (per curiam).

We are unable to discover any principled basis on which to distinguish either *Heim* or *Jefferson Loan*. As previous opinions of this Court, they are binding on this panel. *Jefferson Loan* was, to be sure, decided before the Tax Reform Act of 1969 converted the Tax Court from an independent agency within the Executive Branch to an Article I court. We think, however, that this change in nomenclature makes no difference. The legislative history of the 1969 Act clearly indicates that it "is to have no effect on existing litigation, jurisdiction, etc." S.Rep. No. 552, 91st Cong., 1st Sess. (1969), *reprinted in* 1969 U.S.Code Cong. & Admin.News 2344. And, in any event, *Heim* was decided long after the Tax Court had become an Article I court. The lead opinion in *Heim*, written by Judge John R. Gibson, expresses doubt on the question. Yet, the other two members of the panel, Chief Judge Lay and District Judge Nichol, in their separate opinion, unequivocally take the view that the Tax Court has no equitable powers and is unable to revise decisions that have become final. Maybe a concurring opinion joined in by a majority of a panel does not have quite the same binding status, in terms of *stare decisis*, as

the opinion of the court itself, but a majority is a majority. We think it would be at least unseemly, if not legal error, for us to disregard such a majority concurring opinion. Stability in the law is important, especially in the construction of statutes and rules, and even more so when questions of jurisdiction are raised. We are, therefore, loath to differ from the *Heim* concurrence.

Some courts have found exceptions to the strict rule which we apply here in cases of fraud, *Toscano v. Commissioner*, 441 F.2d 930 (9th Cir.1971), lack of jurisdiction on the part of the Tax Court, *Billingsley v. Commissioner*, 868 F.2d 1081 (9th Cir. 1989), and decisions based on mutual mistake *Reo Motors, Inc. v. Commissioner*, 219 F.2d 610 (6th Cir.1955). Our *Jefferson Loan* case, 249 F.2d at 367, refuses to recognize the exception for fraud, and none of the other exceptions is even arguably present here.

It may be that the government's position is "draconian," *Heim*, 872 F.2d at 249 (opinion of Judge John R. Gibson), but we believe it is the law. If Congress desires to change the law in order to allow the Tax Court to reopen decisions, after the period of filing a notice of appeal has expired, on the basis of newly discovered evidence, it is entirely free to do so.

The orders of the Tax Court denying appellants' motions to reconsider its opinion and revise its decision are

Affirmed.