VICTOR C. GAZDAK AND HELEN GAZDAK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gazdak v. Commissioner
Docket No. 15282-90
United States Tax Court
T.C. Memo 1993-381; 1993 Tax Ct. Memo LEXIS 386; 66 T.C.M. (CCH) 479; August 24, 1993, Filed *386 An order denying petitioners' motion for leave to file motion to vacate decision will be issued. For petitioners: James G. Dawson. For respondent: Dawn M. Krause. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181 and 182. [1] This matter is before the Court on petitioners' motion for leave to file a motion to vacate a decision of this Court. The decision was entered pursuant to the opinion in this case, Cross v. Commissioner, T.C. Memo. 1992-715. The facts, as alleged in the motion or otherwise shown in the record, are as follows. Respondent determined a deficiency in and additions to petitioners' 1986 Federal income tax as follows: Additions to Tax Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. 6661(a)
$ 6,217
$ 310.85
50% of the interest
$ 1,554.25
due on the deficiency
*387 Petitioners filed a timely petition with this Court. Petitioners resided in Mayfield Village, Ohio, when they filed the petition herein. Petitioners' case was consolidated with another (docket No. 14482-90) for purposes of trial and opinion. The Court's opinion in the consolidated cases was filed on December 17, 1992. The Court held in favor of respondent on all disputed issues and held that petitioners were liable for the deficiency and additions to tax as determined in the notice of deficiency. A decision was entered in petitioners' case on December 30, 1992. Petitioners were represented by John N. Moore (hereinafter Moore) at trial. Moore was an attorney practicing at the time in the State of Ohio. Petitioners claim they did not receive any notice of the Court's opinion and decision either from the Court or from Moore. As a result, petitioners claim they were unaware that a decision had been entered in their case and the date for filing a notice of appeal has since expired. [2]
*388 Petitioners were unable to explain Moore's failure to notify them of the opinion and decision. However, in their motion, petitioners indicate that they had not had any contact with Moore since the conclusion of the trial and that it appears that Moore moved to New Mexico. An entry of appearance on behalf of petitioners was filed with the Court by James G. Dawson on July 6, 1993. Petitioners' motion for leave to file a motion to vacate (with an attached motion to vacate) was also filed with the Court on July 6, 1993. Petitioners claim that Moore's actions in failing to advise them about the entry of decision constitute negligence and that the Court has an "interest of correcting injustice whenever there is fraud on the court or the integrity of the judicial process or functioning has been undercut". Petitioners believe that this interest overrides the principle of finality in Court proceedings. Furthermore, petitioners claim that denial of the motion would "conflict with the well-established objective of the notice provisions". Petitioners refer to Rule 162 and rule 60(b) of the Federal Rules of Civil Procedure, in support of the motion. Section 7483 provides that an appeal *389 of a decision rendered by this Court must be filed within 90 days after a decision is entered. Absent filing of a timely appeal, the decision of this Court becomes final at the expiration of the 90-day period. Sec. 7481(a)(1). As a general rule, this Court is without jurisdiction to vacate a decision after the decision becomes final. However, we have jurisdiction to vacate a decision where the Court lacked jurisdiction when the decision was entered. Billingsley v. Commissioner, 868 F.2d 1081, 1984-1085 (9th Cir. 1989), revg. and remanding an order of this Court; Abeles v. Commissioner, 90 T.C. 103, 105 (1988). This Court also has jurisdiction to vacate a decision that was entered as a result of fraud on the Court. Billingsley v. Commissioner, supra at 1085; Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Toscano v. Commissioner, 441 F.2d 930, 933 (9th Cir. 1971), vacating and remanding 52 T.C. 295 (1969). Since a timely appeal *390 was not filed in the instant case, the decision became final upon the expiration of the 90 days. Petitioners must establish that the Court lacked jurisdiction to enter the decision or that a fraud on the Court exists. See Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 (2d Cir. 1975), affg. an order of this Court; Kenner v. Commissioner, 387 F.2d 689, 690-691 (7th Cir. 1968), affg. an order of this Court; Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1001-1002 (1978). [3]
Petitioners do not argue, nor do we conclude, that the Court lacked jurisdiction when the decision was entered. Rather, petitioners argue that Moore's negligence resulted in a fraud being committed upon the Court. The burden is on the moving party to establish such fraud by clear and convincing evidence. Kraasch v. Commissioner, 70 T.C. 623, 626 (1978). *391 The concept of "fraud on the Court" is a narrow one. Senate Realty Corp. v. Commissioner, supra at 932-933. We have described the term as follows in Abatti v. Commissioner, 86 T.C. at 1325: Fraud on the Court is "only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud, inter partes, without more, should not be a fraud upon the court." Toscano v. Commissioner, 441 F.2d at 993, quoting 7 J. Moore, Federal Practice, par. 60.33 (2d ed. 1970). To prove such fraud, the petitioners must show that an intentional plan of deception designed to improperly influence the Court in its decision has had such an effect on the Court. * * *
Gross neglect on the part of a taxpayer's counsel does not constitute "fraud on the Court". See, e.g., Heim v. Commissioner, 872 F.2d 245, 249 (8th Cir. 1989), affg. an order of the Court; Toscano v. Commissioner, supra at 933; *392 Kenner v. Commissioner, supra at 691-692; DiSanza v. Commissioner, T.C. Memo. 1993-142; Pulitzer v. Commissioner, T.C. Memo. 1987-408. Assuming that Moore's conduct in failing to contact petitioners when the opinion was filed and when the decision was entered constitutes a fraud on petitioners, it does not necessarily follow that such conduct constitutes a fraud on the Court. See Heim v. Commissioner, 872 F.2d at 245; Anderson v. Commissioner, 693 F.2d 844, 846 (9th Cir. 1979), affg. an order of this Court. Thus, petitioners have failed to establish a "fraud on the Court." Petitioners alternatively contend that we should vacate the decision under the provisions of rule 60(b), Federal Rules of Civil Procedure. [4] *393 In addressing petitioners' alternative argument, we need not determine whether we would apply rule 60(b), Federal Rules of Civil Procedure, in this Court since we conclude that petitioners do not in any event meet the criteria for relief under rule 60(b), Federal Rules of Civil Procedure. [5]
Petitioners cite several cases in which the Court of Appeals vacated a lower court judgment pursuant to rule 60(b), Federal Rules of Civil Procedure. In particular, petitioners refer to Boughner v. Secretary of Health, Ed. & Welf., 572 F.2d 976 (3d Cir. 1978), and United States v. Cirami, 563 F.2d 26 (2d Cir. 1977). In each of the cited cases an aggrieved party claimed his counsel was negligent during court proceedings. In both Boughner and Cirami, counsel failed to oppose the Government's motion for summary judgment. The aggrieved party claimed that as a result of this alleged negligence, the case was dismissed and a summary judgment was entered by default. Each aggrieved party filed a motion to vacate the respective judgment, citing rule 60(b), Federal Rules of Civil Procedure. The facts of the cited cases differ from the instant case. Neither of the cited cases were tried on the merits. Rather, the judgments were entered by default *394 pursuant to counsel's failure to respond to a motion for summary judgment. In the instant case, petitioners' case proceeded to trial and the Court decided the case on the merits against petitioners. The claimed negligence on behalf of petitioners' counsel occurred after trial. In the two cases cited by petitioners, the claimed negligence resulted in judgments against the aggrieved parties without trial. There is no doubt that the respective Courts of Appeals, in deciding Boughner and Cirami, considered the fact that the aggrieved parties would be denied the rights to have their cases adjudicated on the merits if the judgments were not vacated. For example, in United States v. Cirami, 563 F.2d at 33, the court stated: Very high among the interests in our jurisprudential system is that of finality of judgments. * * * Yet, at the same time, we are not unmindful of other interests, among them the interest of deciding cases on their merits. These interests provide relevant parameters within which to evaluate Rule 60(b) motions * * *.
A more recent Court of Appeals case denied the taxpayers' motion for leave to file a motion to vacate. *395 See Heim v. Commissioner, supra. In Heim, the taxpayers' attorney failed to advise his clients of the adverse decision entered in their case before the Tax Court. No appeal was filed within the time permitted under section 7483. The taxpayers filed a motion for leave to file a motion to vacate, referring to rule 60(b), Federal Rules of Civil Procedure, in support of the motion. The Court of Appeals, in denying the taxpayers' motion, relied upon the fact that the taxpayers' case had been adjudicated on the merits. Heim v. Commissioner, supra at 248. Based on the foregoing, petitioners' motion for leave to file a motion to vacate our decision entered on December 30, 1992, is denied. An order denying petitioners' motion for leave to file motion to vacate decision will be issued. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.↩
2. We note that Moore, who is admitted to practice before this Court, signed the petition and was recognized as counsel of record. Rule 24(a)(2). Service of all papers, including the opinion and decision, was made on Moore. Rule 21(b)(2).↩
3. See also Casey v. Commissioner, T.C. Memo. 1992-672↩.
4. Fed. R. Civ. P. 60(b) provides in part: On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *↩
5. See Schwartz v. Commissioner, T.C. Memo. 1992-302↩.