10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wilford L. SEVERANCE, Petitioner-Appellant,
v.
COMMISSIONER of Internal Revenue, Respondent-Appellee.
Mary E. SEVERANCE, Petitioner-Appellant,
v.
COMMISSIONER of Internal Revenue, Respondent-Appellee.
 Nos. 93-9012, 93-9013.
 United States Court of Appeals, Tenth Circuit.
 Nov. 26, 1993.
 
 Before LOGAN, ANDERSON, BRORBY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 PER CURIAM.
 
 
 1
 After examining the briefs, motions, and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these petitions for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Petitioners appeal from an order of the Tax Court determining deficiencies and additions to tax in the amounts set forth in the notices of deficiency. They have filed a motion for emergency injunctive relief. We conclude that we have no jurisdiction over these appeals.
 
 
 3
 The Tax Court entered its final order on December 30, 1992. On April 28, 1993, 119 days later, petitioners each filed a "Motion for Reconsideration to Vacate." On May 5, 1993, the Tax Court ordered the motions returned to petitioners because they were not timely filed pursuant to Tax Court Rules 161 or 162. Petitioners subsequently filed notices of appeal from the December 30 order.
 
 
 4
 A petitioner may obtain review of a Tax Court decision by filing a notice of appeal within ninety days after the decision. 26 U.S.C. 7483; Fed.R.App.P. 13(a). The Tax Court's decision becomes final upon expiration of the time to file the notice of appeal if no notice of appeal is filed. 26 U.S.C. 7481(a)(1); Billingsley v. Commissioner, 868 F.2d 1081, 1084 (9th Cir.1989).
 
 
 5
 The running of the time for appeal, however, terminates upon the timely filing of a motion to vacate or revise. Rule 13(a). Such a motion shall be filed within thirty days after the decision unless the Tax Court permits otherwise. Rule 161, 162. The additional time applies only to the time between the thirtieth and ninetieth days after the Tax Court's decision. Webbe v. Commissioner, 902 F.2d 688, 688-89 (8th Cir.1990). After ninety days, the decision becomes final, and the Tax Court no longer has jurisdiction to consider a motion. Billingsley, 868 F.2d at 1084.
 
 
 6
 In this case, the Tax Court decision became final before petitioners filed their motions. The motions did not extend the appeal period beyond the ninety days after the December 30, 1992, order. Thus, petitioners' notices of appeal are untimely. This court does not have jurisdiction to consider these appeals.
 
 
 7
 The petitions for review are DISMISSED for lack of jurisdiction. The emergency motion for injunctive relief and motion to vacate judgment of the Tax Court are DENIED for lack of jurisdiction. The mandates shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3